THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ISAAC PURDY, Appellant.

1. TOWN SUPERVISOR — ELIGIBILITY TO OFFICE. The disqualification imposed by the Town Law (L. 1890, ch. 569, § 50), that "no trustee of a school district shall be eligible to the office of supervisor of any town or ward in this state," applies to the capacity of a candidate for election, as well as to the holding of the office.

2. ELIGIBILITY AT TIME OF ELECTION. The intention of the statute is that the electors, in making the choice of a person for the office of supervisor, must be confined to the selection of such persons only as are not then under any legal disqualification to exercise its powers and perform its duties.

3. RESIGNATION OF OFFICE OF TRUSTEE OF SCHOOL DISTRICT. As a trustee of a school district is incapable of being elected supervisor of a town, as well as of holding the office of supervisor, no right to that office is acquired by resigning the office of trustee after having received a majority of the votes cast for the office of supervisor at a town meeting, and before qualifying as supervisor.

*People* v. *Purdy,* 21 App. Div. 66, affirmed.

(Submitted November 22, 1897; decided November 30, 1897.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered

October 9, 1897, which reversed a judgment in favor of defendant, entered upon a decision of the court on trial at Special Term and directed judgment for plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John M. Digney* and *Wilson Brown, Jr.*, for appellant. The respondent is entitled to a favorable construction of the statute in this case. (*People* v. *Flanagan*, 66 N. Y. 237.) The Latin derivation of the word "eligible," or the dictionary definition, will not control the broader construction given by the courts. (*State* v. *Smith*, 14 Wis. 497; *State* v. *Trumpf*, 50 Wis. 103; L. 1890, ch. 569, § 50; *State ex rel.* v. *Murray*, 28 Wis. 96, 99.; *Smith* v. *Moore*, 90 Ind. 294; 5 Wait's Act. & Def. 1, § 1; *Searcy* v. *Grow*, 15 Cal. 117; *People ex rel.* v. *How*, 50 Miss. 626.) Not only was defendant's resignation conceded on the trial and in the conceded facts, but defendant resigned, as required by law, before he took or filed his oath as supervisor. (L. 1892, ch. 681.) The act of resignation was unnecessary. An office may be impliedly resigned or vacated by the incumbent being elected to and accepting an incompatible office. (1 Dillon on Mun. Corp. 308, 309, §§ 225, 227.) The provisions of section 33, title VII, of chapter 556 of the Laws of 1894 do not apply to any question except to that of penalties. (*People ex rel.* v. *Common Council of Brooklyn*, 77 N. Y. 503; *People ex rel.* v. *Nostrand*, 46 N. Y. 375; *People ex rel.* v. *Carrique*, 2 Hill, 93; *Van Orsdall* v. *Hazard*, 3 Hill, 243; *People ex rel.* v. *Conklin*, 7 Hun, 188.)

*William H. Robertson, Isaac N. Mills* and *Odle J. Whitlock* for respondent. The defendant, as a school trustee, was ineligible to the office of supervisor on the 31st of March, 1896, the date of the town election. (L. 1890, ch. 569, § 50; *People ex rel.* v. *Foley*, 148 N. Y. 677; L. 1894, ch. 556, § 22.) The defendant was ineligible not only to hold the office of supervisor, but even to be elected to that office, and,

therefore, his election was illegal and void. (L. 1890, ch. 569, § 50; L. 1894, ch. 556, § 22; *People ex rel.* v. *Currique,* 2 Hill, 93; *People ex rel.* v. *Nostrand,* 46 N. Y. 381; *People ex rel.* v. *Clute,* 50 N. Y. 467; *People ex rel.* v. *Common Council of Brooklyn,* 77 N. Y. 510; *Horton* v. *Parsons,* 37 Hun, 46; *People ex rel.* v. *Bd. of Police,* 35 Barb. 540; *People ex rel.* v. *Bd. of Police,* 35 Barb. 553; *People ex rel.* v. *State Bd. of Canvassers,* 129 N. Y. 360; L. 1896, ch. 909, § 66; *Karst* v. *Gane,* 136 N. Y. 321; *People ex rel.* v. *Wemple,* 115 N. Y. 307.) Mr. Norton is still entitled to the office of supervisor of the town of North Salem. (L. 1893, chs. 37, 344, § 12; L. 1890, ch. 569, § 65; *People ex rel.* v. *Randall,* 12 Misc. Rep. 619.) The judgment appealed from to the Appellate Division was properly reversed, with costs; and judgment absolute, in favor of the plaintiff, ousting the defendant from the office of supervisor, was properly directed and rendered. (*King* v. *Barnes,* 109 N. Y. 267; *Iselin* v. *Starin,* 144 N. Y. 460.)

O'BRIEN, J. In an action in the nature of a quo warranto, brought by the attorney-general against the defendant to oust him from the office of supervisor of the town of North Salem, the court below, reversing the judgment of the trial court, held that the defendant was not entitled to the office. It is undisputed that, at the town meeting held in March, 1896, the defendant received the largest number of votes cast by the electors, and if they could lawfully choose him to discharge the duties of the office, he was clearly elected.

On the day upon which the town meeting was held and the votes cast, the defendant held the office of trustee of one of the school districts of the town, but after the result of the election was declared, he resigned that office, qualified as supervisor and entered upon the discharge of the duties of that office.

Section fifty of the Town Law enacts that no trustee of a school district shall be eligible to the office of supervisor of any town or ward in this state. The trial court held that this

56

disqualification related to the holding of the office and not to the election. That while the defendant was ineligible to hold the office of supervisor, until his resignation of the office of school trustee, yet he was capable of receiving the votes of the electors and of being elected to the office at the town meeting, and that his subsequent resignation of the office of trustee removed every objection to his right to enter upon the duties of supervisor and hold that office. The appeal, therefore, presents the question with respect to the meaning and proper construction to be given to the disqualifying words of the statute. This question has been so thoroughly and ably discussed in the learned opinion below, and the conclusion that a school trustee is not only incapable of holding the office of supervisor, but also of being elected to that office, is so well supported by the reasoning based upon the ordinary meaning of the word *eligible* and the general current of judicial authority, that very little remains to be said upon the subject. The opinion covers the whole ground, and the result, it will be seen, is well sustained by reason and authority.

We have but one suggestion to add to what has been there so well stated. A public statute relating to the qualifications of public officers should never be so construed as to produce inconvenience or to promote a public mischief or to render the action of the voters at the election abortive. It should, in every case when the language will fairly permit, be given such a construction as to enable the electors to act intelligently, and to accomplish with as much certainty as practicable the purpose that they may have in view. If it be held that the disqualification of the statute applies only to the holding of the office, and not to the capacity of the candidate for election, then the electors can never know when voting for a school trustee for the office of supervisor, whether they will succeed in filling the office or not. Though the action of the electors may be unanimous, the result must depend upon the future action of the candidate himself. Unless he resigns as trustee, there has practically been no election, and the office is left vacant, though the people intended to fill it. The vote in such a case

may be said to be conditional upon the resignation of another office by the candidate voted for. He may refuse or fail to resign, and then the action of the voters is nugatory. The statutes for filling vacancies might not apply to such a case since it cannot be said that the person who received the votes of the people ever filled the office or could fill it. It is simply a failure to elect any one to the place.

The statute, we think, does not contemplate that a person who is disqualified to hold the office may, nevertheless, be lawfully elected upon the chance that subsequently he may, by his own act, or by the happening of some event, remove the disqualification, and thus become entitled to fill it. The better rule is that the electors, in making the choice, must be confined to the selection of such persons only as are not then under any legal disqualification to exercise its powers and perform its duties. The electors can then know that when the choice is made and legally declared the object for which the election was held has been accomplished, and that there is no legal obstruction in the way to prevent their will, as thus expressed, from becoming effective.

The judgment was right and must be affirmed.

All concur.

Judgment affirmed.