(140 App. Div. 789.)

PEOPLE ex rel. MILLER v. MYNDERSE.

(Supreme Court, Appellate Division, Third Department.   November 16, 1910.)

1. MUNICIPAL CORPORATIONS (§ 142*)—OFFICERS—QUALIFICATIONS FOR OFFICE.
   Section 42 of the village law (Consol. Laws, c. 64), providing that a person shall not hold two village offices at the same time, except the office of collector and police constable, etc., relates in terms and spirit to the situation of the officer, not on election day, but on the day when he enters into the performance of his duties, so that, where the office of president began at noon on a certain day, and a trustee of the village, who had been elected to the presidency, resigned his trusteeship prior to noon, he became entitled to the presidency; section 53 of the village law, providing that "the person eligible and receiving the highest number of votes for an office shall be elected thereto," not changing the situation, as it relates to persons who have the capacity to be chosen.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 314;  Dec. Dig. § 142.*]

2. MUNICIPAL CORPORATIONS (§ 142*)—OFFICERS—QUALIFICATIONS FOR OFFICE.
   As specifically provided by section 42 of the village law (Consol. Laws, c. 64), a person who is eligible to the office of trustee is also eligible to that of president;  but he cannot hold both offices at once.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 314;  Dec. Dig. § 142.*]

   Smith, P. J., dissenting.

Appeal from Special Term, Schenectady County.
Action by the People of the State of New York, on the relation of John Miller, against Herman V. Mynderse.   Judgment for plaintiff, and defendant appeals.   Affirmed.

At the annual election of the village officers of Scotia on the 15th day of March, 1910, the relator was a candidate for the office of president of the village, received the greater number of votes therefor, and the inspector of election, in due form, gave him the certificate of election.   On the 15th day of March the relator was a trustee of the village, and his term as such would expire by limitation of time March 21, 1911.   The term of office of the president of the village commenced upon the 21st day of March, 1910, at noon, and prior to noon on that day the said relator, Miller, duly resigned his office as trustee of the village.   The defendant, the president whose term expired

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

March 21st, refused to permit the relator to enter into the office, claiming that he was not eligible thereto, and that his alleged election is void.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Charles P. Sanders, for appellant.

Edward R. O'Malley, Atty. Gen. (William Dewey Loucks, of counsel), for respondent.

JOHN M. KELLOGG, J.   Section 42 of the village law (Consol. Laws, c. 64) is entitled "Eligibility to Office," and provides that the president, and certain other village officers, must have at the time of the election certain property qualifications; that any resident elector is eligible to any other village office; that a resident woman, 21 years of age and a citizen, is eligible to the office of village clerk or deputy clerk.   It then provides:

"A person shall not hold two village offices at the same time except the office of collector and police constable or water and light commissioners, and except that village trustees may be also water commissioners."

All the provisions of the section preceding the one above quoted clearly relate to eligibility of the person; that is, his capacity to be chosen to the office.   People v. Purdy, 154 N. Y. 439, 48 N. E. 821, 61 Am. St. Rep. 624.   But the clause quoted does not in terms purport to relate to the capacity of being chosen, and does not refer to the choosing, but in terms is clearly to prevent the same person from holding two offices at the same time.   It relates in terms and spirit to the situation of the officer, not on election day, but on the day when he enters into the performance of his duties.   If on that day he is holding another office, qualifying for the second office presents an apparent violation of the statute, and probably ipso facto vacates the position formerly held by him, or prevents him from legally qualifying for the new position until he has abandoned the old.

Section 53 of the village law, entitled "Canvass of Annual Election," provides:

"The person eligible and receiving the highest number of votes for an office shall be elected thereto."

This provision does not add to the difficulty, as it relates, under the Purdy Case, to persons who have the capacity to be chosen.   Under section 42 a person who is eligible to the office of trustee is also eligible to that of president.   The relator had all the necessary qualifications; but this statute provided, for the public good, that, although eligible to hold either office, he should not be permitted at the same time to hold two village offices.   His resignation as trustee took place before his term as president began.   There is, therefore, no law excluding him from the office to which he has been elected.

The judgment is therefore affirmed, with costs.   All concur, except SMITH, P. J., who dissents in memorandum.

SMITH, P. J. (dissenting).   I am unable to distinguish this case from the case of People v. Purdy, cited in the prevailing opinion.

That part of the statute which provides that a person shall not hold two village offices at the same time states a cause of ineligibility to office within the reasoning of the Purdy Case. If the relator had refused to resign as trustee, the election would have proven abortive. A public statute should never be unnecessarily so construed as to lead to this possible result. If there be any distinction claimed in this case by reason of the special wording of the latter part of section 42, that distinction would seem to be entirely removed by the provision of section 53, which reads:

"The person eligible and receiving the highest number of votes for an office shall be elected thereto."

These two provisions of the statute must be read together, and, if so read, the relator was ineligible to the office at the time he was elected, and the judgment should be reversed.