## PEOPLE ex rel. MARTIN v. KENYON.

(Supreme Court, Special Term, Monroe County. March 15, 1912.)

1. PLEADING (§ 121*)—ANSWER—DENIAL OF KNOWLEDGE OR INFORMATION.
   The denial of knowledge or information sufficient to form a belief as to a fact of record in a public office, and capable of ascertainment on ordinary inquiry, is insufficient to raise an issue of fact; and so can be disregarded on a motion for judgment.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248; Dec. Dig. § 121.*]

2. OFFICERS (§ 30*)—HOLDING OTHER OFFICE—TRUSTEE OF SCHOOL DISTRICT.
   Read with Education Law (Consol. Laws 1909, c. 16) § 149, declaring that a trustee vacates his office by acceptance of the office of supervisor, Town Law (Consol. Laws 1909, c. 62) § 81, declaring that no trustee of a school district shall be eligible to the office of supervisor, does not make a trustee ineligible to be voted for as a candidate for. supervisor. but merely has the effect of his vacating the office of trustee as soon as he accepts the office of supervisor after his election thereto.
   [Ed. Note.—For other cases, see Officers,. Cent. Dig. §§ 37–43; Dec. Dig.. § 30.*]

Quo warranto by the People, on the relation of John Martin, against Charles H. Kenyon, to oust defendant from the office of Supervisor of the Town of Hamlin. Plaintiff moves for judgment on the pleadings. Motion denied.

Thomas Carmody, Atty. Gen., and Werner & Harris (Hugh J.. O'Brien, of counsel), for plaintiff.

Arthur Warren, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes-

PER CURIAM. The plaintiff moves for a judgment upon the pleadings, admitting for that purpose the affirmative allegations in the answer to the effect that at the general election held November 7, 1911, the defendant received a majority of the votes cast in the town of Hamlin for the office of supervisor, and defendant is therefore entitled to hold the office he now occupies unless he was ineligible to be voted for by reason of the admitted fact that on said election day, when the votes were so cast, the defendant was a school trustee of said town. The relator was elected supervisor in the fall of 1909 for the ensuing two years, and, if defendant was ineligible to receive the votes of his fellow townsmen in November, 1911, the election was nugatory and the relator holds over, and is entitled to the office until his successor is lawfully chosen.

[1] The defendant states in his answer that he has no knowledge or information sufficient to form a belief as to whether the relator took and filed his oath of office and gave the necessary bond, approved by the town board, and filed the same as required by statute. But this form of denial of facts which are of record in a public office and capable of ascertainment upon ordinary inquiry is not sufficient to raise an issue of fact, and can be disregarded upon this motion for judgment upon the pleadings. Dahlstrom v. Gemunder, 198 N. Y. 449, 92 N. E. 106, 19 Ann. Cas. 771.

[2] There are two statutes referring to the eligibility of a trustee of a school district for the office of supervisor. Arranged for comparison in parallel columns, they read as follows:

| Town Law. | Education Law. |
| (Ch. 63, L. 1909). | (Ch. 21, L. 1909). |
| "§ 81. *Eligibility of town officers.* Every elector of the town shall be eligible to any town office, except that inspectors of election shall also be able to read and write. But *no* county treasurer, superintendent of the poor, school commissioner, *trustee of a school district,* or United States loan commissioner, *shall be eligible to the office of supervisor* of any town or ward in this state." | "§ 149. *Vacating office.* 1. The collector or treasurer vacates his office by not filing a bond to the trustees, as hereinafter required, and the trustees may supply the vacancy. 2. *A trustee* or a member of a board of education *vacates his office by the acceptance of either the office of school commissioner or supervisor.*" |

The Education Law and the Town Law were passed at the same session in 1909, and signed by the Governor on the same day. Reading the acts together, one would say unhesitatingly that a school trustee is not ineligible to be voted for as a candidate for supervisor, but that he vacates the office of trustee as soon as he accepts the office of supervisor, after his election thereto.

On the other hand, the Court of Appeals, in 1896, declared a school trustee ineligible to be voted for as supervisor under section 50 of the Town Law, as then in force (chapter 569, L. 1890), which section 50 is similar in phrasing to section 81 of the present Town Law, above quoted. People v. Purdy, 154 N. Y. 439, 48 N. E. 821, 61 Am. St. Rep. 624. But, when the Purdy Case arose, there was no countervailing statute similar to section 149 of the present Education Law,

stating that a trustee vacates his office on accepting the supervisorship. At first sight, this change in statute, created by the passage of section 149 of the present Education Law, would seem to make the interpretation of the words "eligible to the office," made in the Purdy Case, no longer applicable.

But when we remember that the present Educational Law and Town Law were passed by the Legislature upon the recommendation of the Board of Statutory Consolidation, and that the act by which that board derived its existence directed the members thereof to make no change in the substance of the existing general statutes, and that in reporting their draft of the Consolidated Laws the board declared that no change in substance was proposed, a very serious question arises as to the intention of the Legislature in passing them.

This unfortunate uncertainty in the statutes will not be finally dispelled until the appellate courts interpret them as they are now written. Meantime this court, for the purposes of the present motion, will resolve the doubt in favor of the defendant, who has received a clear majority of the votes of his fellow citizens for the office, the duties of which he is now performing.

The plaintiff's motion for judgment upon the pleadings is denied, with $10 costs.