PEOPLE ex rel. MARTIN v. KENYON.

(Supreme Court, Appellate Division, Fourth Department.   July 9, 1912.)

Appeal from Special Term, Monroe County.

Action by the People of the State of New York, on the relation of John Martin, against Charles Kenyon. From an order denying relator's motion for judgment on the pleadings, he appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, KRUSE, ROBSON, and FOOTE, JJ.

Thomas Carmody, Atty. Gen. (Hugh J. O'Brien, of Rochester, of counsel), for appellant.

Arthur Warren, of Rochester, for respondent.

PER CURIAM.   Order affirmed, with $10 costs and disbursements.   All concur, except KRUSE and ROBSON, JJ., who dissent in a memorandum by ROBSON, J.

ROBSON, J. (dissenting).   The controversy arises in an effort to oust defendant from the office of supervisor of the town of Hamlin.   It appears that at the town meeting held in November, 1911, the defendant as a candidate for the office of supervisor received a clear and substantial majority of the votes cast by the electors.   At the time of the election he was a trustee of a school district in that town.   He afterwards resigned as such trustee, and thereupon assumed to qualify and act as supervisor of the town.   Relator was the supervisor of the town at the time of the election, and still holds the office, if defendant has not been legally chosen and qualified as his successor.   Section 5 of the Public Officers Law.   Laws 1909, c. 51, being chapter 47, Consolidated Laws.   By section 81 of the Town Law (Laws 1909, c. 63, being chapter 62, Consolidated Laws) it is among other things, provided that no "trustee of a school district * * * shall be eligible to the office of supervisor of any town or ward in this state."   A similar provision, which then appeared in section 50 of the Town Law (chapter 569 of the Laws of 1890), was considered in People v. Purdy, 154 N. Y. 439, 48 N. E. 821, 61 Am. St. Rep. 624, and it was there held that "a school trustee is not only incapable of holding the office of supervisor, but also of being elected to it."   That case is, as is conceded, decisive authority that defendant has no right to the office of supervisor, unless the statute referred to above has been, as is claimed by the defendant, repealed, or limited in effect, not directly, it is true, but by necessary implication, by another statutory provision which now appears in section 232 of the Education Law (Consol. Laws 1910, c. 16).   The part of this section to which defendant points as accomplishing this result reads as follows:

"A trustee or a member of a board of education vacates his office by the acceptance of either the office of school commissioner or supervisor."

This provision that a trustee of a school district, by accepting the office of supervisor, vacates his office as trustee, appeared for the first time in section 149 of the Education Law (Laws of 1909, c. 21 [Consol. Laws 1909, c. 16]). When the Education Law was in 1910 amended, and further consolidation of independent general statutes effected (Laws 1910, c. 140), the same provision was included as a part of section 232 of that law.

The argument in support of defendant's position that this new provision has so far repealed the express direction of section 81 of the Town Law that no school trustee is eligible for the office of supervisor that such trustee is now at least eligible for election as supervisor is tersely stated by Benton, J., in his opinion written in disposing of another proceeding involving a consideration of this same controversy. Defendant adopts the statements of the learned justice as adequately presenting his position on this appeal, quoting in his brief as follows:

"It goes without saying that a person cannot accept an office until he is elected to it. If it be true that a school trustee cannot be elected to the office of supervisor, section 149 of the Education Law is meaningless. Courts are not permitted to interpret as meaningless statutory enactments. It must now be held that a trustee can accept such office, and it must be held therefore, too, that if he can accept it he can be elected to it."

This reasoning is persuasive; but is it strictly true that the provision that a trustee vacates his office when he accepts the office of supervisor is necessarily meaningless if "a school trustee cannot be elected to the office of supervisor"? Suppose, for instance, A. had been elected as supervisor. He has a certain number of days after his election in which to take and file with the town clerk his oath of office. The filing of the oath is deemed his acceptance of the office. Section 83 of the Town Law. He is not a supervisor until he has done this. Suppose, also, that after his election and before his acceptance of the office he is elected a school trustee. He is eligible for such election, because he is not yet a supervisor; and he must accept such election or pay a penalty imposed by section 229 of the Education Law. But under the provision of the Education Law that a trustee, by accepting the office of supervisor, vacates his office as trustee, he may then accept the office of supervisor and escape the penalty imposed for refusing to act as trustee. In such a case, which is by no means an impossible situation, this provision of the Education Law is not "meaningless," as defendant asserts; for in the case supposed the person elected supervisor was not a trustee at the time of his election to the former office. Other conditions, in which such a provision could be properly considered as serviceably applying, are suggested in the brief for appellant.

In the process of ascertaining whether the provisions of an earlier statute have been repealed by implication, it should constantly be borne in mind that such repeals are not favored by the courts. Indeed, judicial expression has gone to the extent of suggesting that:

"The leaning of the courts is so strong against repealing the positive provisions of a former statute by construction as almost to establish the doctrine of no repeal by implication.". Davis v. Supreme Lodge Knights of Honor, 165 N. Y. 159, 166, 58 N. E. 891, 893.

I have already attempted to show that section 232 of the Education Law has an "office or function," which may fairly be assigned to it, which does not involve a repeal of the eligibility provision of section 81 of the Town Law. If it is possible to assign to the former provision such "office or function," then both must stand. Woods v. Board of Supervisors, 136 N. Y. 403, 409, 32 N. E. 1011, 1012.

For the reasons stated, I conclude that the enactment of the provision for the automatic vacation of the office of trustee by his acceptance of the office of supervisor did not repeal or limit the effect of the eligibility requirements of section 81 of the Town Law; and therefore defendant, being then a school trustee, was at the time of his election incapable of being voted for as a candidate for the office of supervisor. I think the order should be reversed, and motion for judgment granted.

KRUSE, J., concurs.