In the Matter of John J. Clancy, Respondent, against Warren Sloan, Appellant.

Argued January 4, 1937; decided March 9, 1937.

*Russell Wiggins* and *Arthur O. Maharay* for appellant. The word " eligible " in subdivision 4 of section 20 of the Town Law (Cons. Laws, ch. 62) means " qualified when elected." (*People v. Purdy*, 21 App. Div. 66; 154 N. Y. 439; *Matter of Smith*, 49 Misc. Rep. 567; 116 App. Div. 665; 188 N. Y. 549; *People ex rel. Sherwood* v. *Bd. of Canvassers*, 129 N. Y. 360; *People ex rel. Martin* v. *Kenyon*, 152 App. Div. 898; *People ex rel. Furman* v. *Clute*, 50 N. Y. 451.) Where no question of fact is involved, the title to an office may be decided in a proceeding to recover books and papers pertaining to the office. (*Matter of Sells*, 15 App. Div. 571; *Matter of Brenner*, 170 N. Y. 185; *Matter of Smith*, 49 Misc. Rep. 567; 116 App. Div. 665; 188 N. Y. 549.)

*Henry Hunter* for respondent. The respondent's resort to section 80 of the Public Officers Law (Cons. Laws, ch. 47) was legal and proper. (*Matter of Bradley*, 141 N. Y. 527.) The respondent is not ineligible to hold the office to which he was elected. (*People ex rel. Martin* v. *Kenyon*, 152 App. Div. 898; 207 N. Y. 692; *Opinion Atty.-Gen.*, 7 St. Dept. Rep. 502; *Smith* v. *Moore*, 90 Ind. 296; *People ex rel. Miller* v. *Mynderse*, 140 App. Div. 789; 201 N. Y. 524.)

CRANE, Ch. J. At a general election held in November, 1933, Warren Sloan was elected Supervisor of the town of New Windsor, in Orange county, for a term of two years, and John J. Clancy was elected Assessor of said town for a term of four years. Each duly qualified and entered upon the discharge of his duties.

At the general election held on November 5, 1935, said Sloan and Clancy were candidates for the office of Supervisor of said town of New Windsor for the term commencing January 1, 1936. Clancy won, and a certificate of election was duly issued to him. He filed

his oath of office, his official undertaking, as required by law; and on January 1, 1936, when his term commenced, demanded from Sloan the delivery of books, moneys and property which Sloan then had in his possession as Supervisor of said town. Sloan refused, claiming that Clancy at the time of his election in November, 1935, was disqualified to run for office; that his election was void; and that he was not the Supervisor of the town of New Windsor. This claim was based upon the fact that at the time of election Clancy was Assessor of the said town, and that he did not resign the office until December 5, 1935, or after his election.

The sole question presented by this proceeding is whether Clancy was disqualified or incapacitated to be a candidate for the office of Supervisor while holding the elective office of Assessor of the same town. The question turns upon whether the statutes disqualify the Assessor from being a candidate and being elected, or only disqualify him from *holding* the two offices after he is elected.

Article 3 of the Town Law (Cons. Laws, ch. 62) relates to town officers, their powers, duties and compensation. Section 20, subdivision 1 (a): " Every town of the first class shall have a supervisor, * * * a town clerk, two justices of the peace, a town superintendent of highways, three assessors, * * * and such other employees as the town board may determine necessary for the proper conduct of the affairs of the town."

There is a similar provision for towns of the second class, which reads: " The supervisor, justices of the peace * * * assessors * * * in every such town shall be elective. All other town officers and employees in such a town shall be appointed by the town board, except as otherwise provided by law." (Subd. 1 [b].)

The office of Supervisor and of Assessor of the town of New Windsor were elective offices.

The pertinent provisions of subdivision 4 read as follows: " No person shall be eligible to hold more than one elective town office * * *."

We turn to section 23 to find out the eligibility of town officers as candidates for election. The section reads: "Every officer of the town at the time of his election or appointment and throughout his term of office, shall be an elector of the town and every elective officer shall be the owner of record of real property in the town at the time of his election and throughout his term of office. No county treasurer, district superintendent of schools, or trustee of a school district shall be eligible to the office of supervisor." We have here in this section the statement of the necessary qualifications for a candidate for the Supervisor of the town of New Windsor. On the day of his election he must be an elector of the town and he must be the owner of record of real property in the town. Clancy met these requirements; this section 23 requires no other. If he were a County Treasurer or a District Superintendent of Schools or a Trustee of a school district he could not be a candidate, but would be disqualified. He was none of these. We must read this section 23, which states these few qualifications which a candidate must possess for elective town office, in connection with subdivision 4 of section 20, and harmonize them. Subdivision 4 did not intend to add another disqualification to section 23. The qualifications or disqualifications would naturally be found under section 23, which is headed "Eligibility of town officers." Subdivision 4 has reference to the time the elected candidate *takes office,* and not to the time when he is *elected* to office. This is what it says: "No person shall be eligible to hold more than one elective town office."

On the 1st of January, 1936, when Clancy assumed office as Supervisor, he had ceased to be Assessor, having resigned on December 5, 1935. He therefore, in our judgment, was qualified to take office as Supervisor, having received his certificate of election, taken his oath, and fulfilled all other requirements. He was Supervisor and entitled to have the books and papers pertaining to the office.

*People* v. *Purdy* (154 N. Y. 439) related to a Trustee of a school district who, as we have seen, is disqualified by section 23 of the Town Law.

*People ex rel. Sherwood* v. *State Board of Canvassers* (129 N. Y. 360) applied to a constitutional provision. *People ex rel. Martin* v. *Kenyon* (152 App. Div. 898; affd., 207 N. Y. 692) touched upon the qualifications of a School Trustee.

This application has been made under section 80 of the Public Officers Law (Cons. Laws, ch. 47) which permits a public officer to apply to the Supreme Court for relief, where the books and papers of the office are kept from him.

The proceeding is not one to test title to office, but a motion permitted by statute, and recognized by *Matter of Brenner* (170 N. Y. 185); *Matter of Smith* (116 App. Div. 665); *People ex rel. Miller* v. *Mynderse* (140 App. Div. 789; 201 N. Y. 524).

The order should be affirmed, without costs.

O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN and FINCH, JJ., taking no part.

Order affirmed.