In the Matter of the Petition of ALMA M. FABRICIUS, Appellant, for a Certiorari Order against FRANK P. GRAVES, as Commissioner of Education, State of New York, Respondent, and THE BOARD OF EDUCATION OF THE CITY OF NEW YORK, Impleaded Party, Respondent.

Third Department, April 27, 1938.

*George Dyson Friou* [*Alma M. Fabricius* of counsel], for the petitioner, appellant.

*Ernest E. Cole* [*Charles A. Brind, Jr.*, of counsel], for the respondent Commissioner of Education.

*William C. Chanler, Corporation Counsel* [*Arthur Bainbridge Hoff, Jr.*, and *Paxton Blair* of counsel], for the respondent The Board of Education of the City of New York.

*Herman E. Cooper* [*Charles Barasch* of counsel], for the Teachers Union of the City of New York, *amicus curiæ*.

PER CURIAM. Appeal from an order of the Albany Special Term of the Supreme Court made on September 24, 1937, vacating an *ex parte* order of certiorari granted by the Kings Special Term and dismissing the petition.

Appellant is a teacher in the public school system of New York city.. She was dissatisfied with certain ratings given her in a principal's report. She first appealed to the board of superintendents and then to the State Commissioner of Education, in each instance unsuccessfully. She now seeks to review by certiorari this latter determination. Her petition alleges, together with certain facts which tend to support such statement, that the determination was arbitrary and we must assume that this is so. While section 890 of the Education Law provides for appeals to the Commissioner of Education in certain matters relating to the school system and its administration and that his decision in such appeals shall be final and conclusive and not subject to question or review in any place or court whatsoever, the courts have never held that this prevents a judicial review of an arbitrary or unlawful act on his part. (See *Matter of Levitch* v. *Board of Education*, 243 N. Y. 373.) Only by the return can the exact nature of the Commissioner's decision be determined in this case.

The order should be reversed, with fifty dollars costs and disbursements, and the motion should be denied, with ten dollars costs.

HILL, P. J., RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Order reversed, on the law and facts, with fifty dollars costs and disbursements, and motion denied, with ten dollars costs.