In the Matter of the Petition of ALMA M. FABRICIUS, Petitioner, for an Order against FRANK P. GRAVES, as Commissioner of Education of the State of New York, Respondent, and BOARD OF EDUCATION OF THE CITY OF NEW YORK, Intervenor, Respondent.

Supreme Court, Albany County, April 24, 1940.

*Alma M. Fabricius*, petitioner in person.

*Ernest E. Cole* [*Charles A. Brind, Jr.*, of counsel], for the respondent.

*William C. Chanler, Corporation Counsel* [*Nicholas Bucci* of counsel], for the Board of Education of the City of New York.

RUSSELL, J. The petitioner has applied to this court pursuant to article 78 of the Civil Practice Act for an order reversing the decisions of the Commissioner of Education in three appeals which petitioner brought to him under section 890 of the Education Law and for specific relief in accordance with such reversals. Petitioner further asks that the Commissioner of Education investigate charges of violations of the Education Law which petitioner pointed out to him in the course of her proceedings before him and that he act with reference to these charges in accordance with his duties under the Education Law. In other words, it is an application for an order to review and set aside the determination of the Commissioner of Education.

An examination of the voluminous papers and briefs in this matter sifts down to one vital issue, namely, Did the board of education of New York city and the Commissioner of Education of the State of New York arrive at their decisions through a feeling of malice towards the petitioner?

The three appeals referred to are: *First*, an appeal which the petitioner had taken from certain adverse or weakness citations given her by the principal of the Seward Park High School for the term ending January, 1935. It was an appeal from a decision of the board of superintendents dismissing petitioner's appeal. The *second* appeal, which petitioner filed on March 16, 1936, was from the action of the board of education in transferring petitioner from Seward Park High School to the Benjamin Franklin High School. The *third* appeal, which was filed on November 30, 1936, was occasioned by adverse or weakness citations given her by the principal of the Seward Park High School for school terms ending in January and June, 1935. The unfavorable citations referred to were those as to " co-operation " for the term ending January, 1935, and for " co-operation and control of class " for the term ending June, 1935.

The petitioner also felt aggrieved because of the transfer from the Seward Park High School to the Benjamin Franklin High School and in that connection complained because she was unjustly assigned to teach commercial arithmetic and elementary business practice. She claimed that she had no right under her license to teach the

subjects that were assigned to her, although this is contradicted by the board of education.

Involved in the appeals was a matter of compliance by the petitioner with a system of marking and promotion of first term pupils at the close of the term ending June 30, 1934. This was an experiment by the high school department of the board of education. The petitioner for reasons given in her papers failed and refused to co-operate with the school authorities in the experiment. Her refusal, based upon her reasons, was not in obedience to the order issued by the board of education. Such a refusal is not conducive to the efficient management and good of the school system. There is a marked distinction between differing as to the advisability of pursuing a certain course and disobeying orders to be carried out.

Before the transfer was made the petitioner was given a hearing by the law committee of the board of superintendents and it was not until after such hearing had been completed that she was transferred from the Seward Park High School to the Benjamin Franklin High School. The transfer was recommended by Superintendent Tildsley and ordered by the board of superintendents pursuant to subdivision 4 of section 870 of the Education Law.

It further appears that when the transfer was made she was transferred to a school nearer her home and that she lost no salary by reason of either transfer or by adverse ratings. The respondents contend that the transfer was for the good of the petitioner and also for the good of the school system.

Upon the adverse ratings or specific weakness citations given to the petitioner by her principal, a hearing was had before the board of superintendents and evidence taken pursuant to subdivision 15 of section 9 of the by-laws of the board of education. The board of superintendents upheld the principal upon such ratings. Although the principal of the school in which the petitioner was teaching gave her unfavorable citation as to " co-operation " for the term ending January, 1935, and also an unfavorable citation for " co-operation and control of class " for the term ending June, 1935, nevertheless, the same principal gave her a general rating of " satisfactory " for these same periods. Natural as it may be for the petitioner to feel aggrieved by ratings which were not favorable, nevertheless, she is part of a teaching staff which is subject to the discretion and judgment of the superior officer.

Upon these matters at issue the Commissioner of Education held two hearings. The petitioner was granted liberal time for an oral argument. The Commissioner also, in order to assist him in arriving at a decision, had before him the stenographic transcript of the hearings held before the committee on law of the board of super-

intendents, petitions, answers, briefs and other papers, which this court has before it upon the return.

From a study of all the papers on this motion, I fail to see where it could be said that either the decision of the board of superintendents of the board of education, or that of the Commissioner of Education was made through any malice. The conclusion reached by the Commissioner of Education in dismissing the petitioner's three appeals does not appear to be either arbitrary or unreasonable.

The judiciary will not interfere with executive or administrative officers in the performance of their duties which are discretionary in their nature or involve the exercise of judgment, unless such judgment and discretion bear distinct earmarks of either malicious or arbitrary action. (*Bullock* v. *Cooley*, 225 N. Y. 566, 577, 578; *Levitch* v. *Board of Education*, 243 id. 373 and cases cited.)

It is my conclusion that the facts in this matter come squarely within the intent of section 890 of the Education Law, which makes the decision of the Commissioner of Education final and conclusive. There appears to be no such arbitrary or unlawful act on the part of the Commissioner of Education as to warrant a review of it by the courts. (*Kabatt* v. *Board of Education*, 246 App. Div. 886; appeal dismissed, 271 N. Y. 629.)

Petitioner has also moved to strike out the answer and return of the board of education of the city of New York as a party respondent. It appears that while this matter was pending before the Appellate Division (254 App. Div. 19), the board of education was admitted as a party respondent by stipulation between the parties. This stipulation took effect pursuant to section 1298 of the Civil Practice Act. Certainly the board of education of New York city is an interested party. The motion to strike out the answer and return of the board of education is, therefore, denied.

I am, therefore, of the opinion that the petition for an order to review and set aside the determination of the Commissioner of Education should be dismissed.

Submit order.