In the Matter of the Petition of ALMA M. FABRICIUS, Appellant, for an Order against ERNEST E. COLE, as Commissioner of Education, State of New York, Respondent, and BOARD OF EDUCATION OF THE CITY OF NEW YORK, Party-Respondent.—Appeal from an order of the Albany Special Term of Supreme Court, dismissing a proceeding to annul certain determinations of the Commissioner of Education on appeals under section 890 of the Education Law. Petitioner was a teacher in the school system of the city of New York. The Board of Education had given her an adverse rating in " cooperation " from which she appealed to the Commissioner. Thereafter, she again received an adverse rating in " cooperation " and also in " control of classes." She appealed to the Commissioner of Education from this rating in November, 1936. She has received her increment in salary regularly. After the Commissioner of Education made his return, appellant proceeded under article 78 of the Civil Practice Act to secure the relief sought and the matter was brought on at the Special Term in July, 1939, and further hearing was held in January, 1940. The determination of the Commissioner of Education is neither arbitrary nor unreasonable and should be confirmed. Determination of the Commissioner of Education unanimously confirmed, without costs, and petition dismissed. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ. [174 Misc. 130.]

RALPH CALKINS, Appellant, v. GRAMM MOTOR TRUCK CORP., Respondent.— Plaintiff seeks to recover some $6,000, consisting of a down payment of $1,500, and damages for failure to deliver a completed motor bus. The defendant had judgment in the trial court for $775, unpaid balance on the chassis, with interest and costs, amounting to $1,085.50. The contract consists of a conditional sales agreement, letters, telegrams and telephonic conversations. The plaintiff accepted delivery of the chassis upon paying $1,500 and agreeing to pay later a balance of $775 due thereon. He delivered the chassis to a coach maker to have a body built thereon, then failed to pay for the body or the balance of the chassis. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

CHARLES SANN, JR., Appellant, v. JENNIE FREDERICKSON, Respondent.— Plaintiff has appealed from a judgment of the Albany Trial Term of the Supreme Court dismissing his complaint in an action to compel the performance of an alleged contract for the sale of real property located in the town of Guilderland. Plaintiff was in possession of the premises under a lease which gave him an option to purchase the property. That option the trial court found that he failed to exercise, and that he also failed to comply with the terms of a contract for the purchase of such property. The evidence sustains the finding of the trial court that plaintiff made default in exercising his option to purchase. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.