In the Matter of HOWARD COLE, Petitioner, against LEWIS A. WILSON, as Commissioner of Education of the State of New York, et al., Respondents.

Supreme Court, Special Term, Albany County, September 15, 1952.

*Ernest Abdella* for petitioner.

*Charles A. Brind, Jr., John P. Jehu, Elizabeth M. Eastman* and *George B. Farrington* for Lewis A. Wilson, as Commissioner of Education, respondent.

*R. Cuthell Calderwood* for William G. Galpin, Jr., respondent.

HAMM, J. This is a proceeding under article 78 of the Civil Practice Act to review a determination of the Commissioner of Education.

The court may determine whether the commissioner acted capriciously or unlawfully. Section 310 of the Education Law provides: " the commissioner of education may also institute such proceedings as are authorized under this article and *his decision in such appeals, petitions or proceedings shall be final and conclusive, and not subject to question or review in any place or court whatever.*" (Emphasis supplied.) Nonetheless, the rule was said in *Matter of Fabricius* v. *Graves* (254 App. Div. 19, 20) to be: " Appellant is a teacher in the public school system of New York city. She was dissatisfied with certain ratings given her in a principal's report. She first appealed to the board of superintendents and then to the State Commissioner of Education, in each instance unsuccessfully. She now seeks to review by certiorari this latter determination. Her petition alleges, together with certain facts which tend to support such statement, that the determination was arbitrary and we must assume that this is so. While section 890 of the Education Law provides for appeals to the Commissioner of Education in certain matters relating to the school system and its administration and that his decision in such appeals shall be final and conclusive and not subject to question or review in any place or court whatsoever, the courts have never held that this prevents a judicial review of an arbitrary or unlawful act on his part. (See *Matter of Levitch* v. *Board of Education,*

243 N. Y. 373.) Only by the return can the exact nature of the Commissioner's decision be determined in this case.''

And more recently in *Matter of Beam* v. *Wilson* (279 App. Div. 277, 280) Mr. Justice Coon stated: '' The Legislature has authorized the commissioner to hear and decide appeals and petitions in matters pertaining to school district meetings, and has provided that his decisions in such matters are final and conclusive and not subject to question or review in any place or court whatever. (Education Law, § 310.) '' And concluded: '' It does not appear that the decision of the commissioner was in any way arbitrary or capricious.''

The facts in this case are these:

On April 4, 1951, the trustees of the common school district mentioned in the title were George R. Lewis, John Lander and Vincent Edwards. On April 4, 1951, George R. Lewis was appointed Supervisor of the Town of Johnstown. On April 5, 1951, he filed his oath of office in the town clerk's office and subsequently filed his undertaking in the same office. He did not file an oath or undertaking in the office of the County Clerk. At the general election in November, 1951, he was elected Supervisor for a term of two years commencing January 1, 1952. He filed his oath of office in the County Clerk's office on January 2, 1952, and filed his undertaking in the same office on January 7, 1952.

On April 2, 1952, he formally resigned as trustee of the school district and on April 5, 1952, the district superintendent of schools appointed as trustee the respondent William G. Galpin, Jr.

On April 7, 1952, John Lander called a meeting of the board of trustees of the district by serving notice on Vincent Edwards but without notice to the respondent William G. Galpin, Jr. On the following day, April 8, 1952, John Lander, in the absence of both Vincent Edwards and William G. Galpin, Jr., called a meeting of the voters of the district for the purpose of filling a vacancy claimed to exist in the board of trustees and at a district meeting held April 21, 1952, the petitioner Howard Cole received the majority of the votes cast for trustee.

After the meeting and on April 26, 1952, the petitioner appealed to the Commissioner of Education from the appointment of William G. Galpin, Jr., by the district superintendent. The petitioner contended that the vacancy on the board of trustees had been caused by the resignation of George R. Lewis on April 2, 1952, and not by his acceptance of the office of

Supervisor in January, 1952. He therefore urged that the district superintendent should have waited thirty days after April 2, 1952, in accordance with the requirements of subdivision 1 of section 2113 of the Education Law, which provides: " A vacancy in the office of trustee in any school district may be filled by election within thirty days after it occurs. If not so filled, the district superintendent of the supervisory district, within which the schoolhouse or principal schoolhouse of the district is situated, may appoint a competent person to fill it."

The commissioner decided that the appointment of the respondent William G. Galpin, Jr., had been proper and dismissed the petitioner's appeal.

In *People* v. *Purdy* (21 App. Div. 66, affd. 154 N. Y. 439), cited with approval in *Matter of Burns* v. *Wiltse* (303 N. Y. 319), there was involved section 50 of chapter 569 of the Laws of 1890. This section with slight amendments in language and no change in substance is now section 23 of the Town Law. It was determined that, because of the disqualification that " no * * * trustee of a school district * * * shall be eligible to the office of supervisor of any town or ward in this state ", a school trustee was incapable of holding the office of Supervisor and also of being elected to that office.

*People* v. *Purdy* (*supra*) was decided in 1897. At that time section 5 of article 1 of title VIII of chapter 556 of the Laws of 1894, as amended by section 12 of chapter 264 of the Laws of 1896, provided: " Neither * * * nor a supervisor is eligible to be a member of any board of education, and the acceptance of either of said offices by a member of said board vacates his office as such member." Nowhere in the records and briefs in *People* v. *Purdy* (*supra*) is there any reference whatever to the statute quoted and at no time was it called to the attention of the court.

But the latest decision of the Court of Appeals is found in the later case of *People ex rel. Martin* v. *Kenyon* (134 N. Y. S. 1007, affd. 152 App. Div. 898, affd. 207 N. Y. 692). The decision was based on the juxtaposition of the following statutes (134 N. Y. S. 1008):

Town Law.
(Ch. 63, L. 1909).

"§ 81. *Eligibility of town officers.* Every elector of the town shall be eligible to any town office, except that inspectors of election shall also be able to read and write. But *no* county treasurer, superintendent of the poor, school commissioner, *trustee of a school district,* or United States loan commissioner, *shall be eligible to the office of supervisor* of any town or ward in this state."

Education Law.
(Ch. 21, L. 1909)

"§ 149. *Vacating office.* 1. The collector or treasurer vacates his office by not filing a bond to the trustees, as hereinafter required, and the trustees may supply the vacancy.

2. A *trustee* or a member of a board of education *vacates his office by the acceptance of either the office of school commissioner or supervisor.*"

The Supreme Court at Special Term held that the ineligibility existed not as of the time of election of the school trustee as Supervisor but only as to the time of qualification. The court said (pp. 1007–1008): " On the other hand, the Court of Appeals, in 1896, declared a school trustee ineligible to be voted for as supervisor under section 50 of the Town Law, as then in force (chapter 569, L. 1890), which section 50 is similar in phrasing to section 81 of the present Town Law, above quoted. *People* v. *Purdy,* 154 N. Y. 439, 48 N. E. 821, 61 Am. St. Rep. 624. But, when the Purdy case arose, there was no countervailing statute similar to Section 149 of the present Education Law, stating that a trustee vacates his office on accepting the supervisorship."

The Appellate Division and the Court of Appeals affirmed without opinion. (Citations, *supra.*)

The apposite statutes now the law, arranged for comparison in parallel columns, are:

Town Law
(§ 23)

No county treasurer, district superintendent of schools, or trustee of a school district shall be eligible to the office of supervisor.

Education Law
(§ 2112)

A trustee or a member of a board of education vacates his office by the acceptance of either the office of district superintendent or of supervisor.

But the petitioner contends that the re-enactment of present section 23 in 1933 (L. 1933, ch. 751) and in 1949 (L. 1949, ch. 682) repealed the apposite provision of the Education Law by implication.

However, in *Matter of Kilburn* v. *Carr* (157 Misc. 761) the court held that the re-enactment of the section in 1933 was nothing more than a continuation of the prior law and did not repeal by implication section 232 (now § 2112) of the Education Law. The court said at pages 762–763: " In *People* v.

*Purdy* (21 App. Div. 66; affd., 154 N. Y. 439, which was an action in quo warranto) it was held that a person who was a trustee of a school district in a town at the time of the election was not eligible to be a candidate for supervisor of a town at such election. Subsequent to the decision in *People* v. *Purdy* (*supra*) section 149 was added to the Education Law, and such section 149 was amended and became section 232 of the Education Law in 1910. This section of the Education Law still remains in the statutes of the State and contains the following provision:

" ' § 232. Vacating office. * * * (3) A trustee * * * vacates his office by the acceptance of either the office of school commissioner or supervisor.'

" After this section of the Education Law became effective the question now before us and similar to the question decided in *People* v. *Purdy* (*supra*) was again before the courts in *People ex rel. Martin* v. *Kenyon* (152 App. Div. 898; affd., 207 N. Y. 692). In the *Kenyon* case, although Kenyon had been a school trustee at the time of the election for supervisor and had resigned before endeavoring to qualify as supervisor, the courts held that in view of the provisions of section 232 of the Education Law above quoted, although a school trustee in the town for which he sought election as supervisor, Kenyon was qualified to be a candidate at election for supervisor and qualified himself to take office as supervisor by resigning his office as school trustee after such election. This must be regarded as the law of today and applicable to this case unless the enactment of the new Town Law which took place in the legislative session of 1933, and which law became effective as a statute January 1, 1934, repealed by implication section 232 of the Education Law. The respondent herein urges that such repeal by implication took place when the new Town Law became of effect on January 1, 1934. The courts are and must be chary in holding that a statute is repealed by implication.

" ' The leaning of the courts is so strong against repealing the positive provisions of a former statute by construction as almost to establish the doctrine of no repeal by implication.' (*Davis* v. *Supreme Lodge, Knights of Honor,* 165 N. Y. 159, 166, cited and applied in the dissenting opinion in *People ex rel. Martin* v. *Kenyon,* 152 App. Div. 898, at p. 900.)

" A study of the new Town Law, the report of the joint legislative committee which drafted such law, and the article upon the work of such committee written by its counsel, Frank C.

Moore, July 1, 1933, all lead this court to the conclusion that in enacting section 23 of the new Town Law the Legislature simply recodified the old Town Law in so far as the largest part of such old Town Law, including former section 81, is concerned, and did not intend to repeal section 232 of the Education Law. In view of this, the court finds controlling in this case the rule laid down in *People ex rel. Martin* v. *Kenyon* (*supra*) and holds that the eligibility of the petitioner should be considered as of the time at which he endeavored to qualify for the office of supervisor and not as of the time of election.''

The same reasoning applies to the 1949 amendment which did not change the wording of the pertinent portion of the Town Law any more than did the 1933 re-enactment. And moreover in 1947 by chapter 820 of the Laws of 1947 the Education Law was recodified and revised and section 232 quoted in *Kilburn* v. *Carr* (*supra*) became without material change section 2112.

Section 25 of the Town Law reads in part as follows: '' The filing of such oath and undertaking * * * shall be deemed an acceptance of the office.''

When George R. Lewis filed his oath and undertaking as Supervisor pursuant to the Town Law he ceased to be a school trustee and a vacancy existed.

*Matter of Burns* v. *Wiltse* (303 N. Y. 319, *supra*), is not in point; the respondent was a candidate for the offices of County Judge and District Attorney and no statute providing for automatic vacation of the prior office by acceptance of the subsequent office was involved.

The petitioner's prayer must be denied.

Submit order.