Jean Mary Reinhardt, Esq. Corporation Counsel, Cohoes
In a telephone conversation relating to your request for an opinion, you asked that we focus our attention on the construction of the following provision of your city's charter:
 "No member of the police or fire department shall hold any other office nor be employed in any other department of the city government." (Cohoes City Charter, § 159; adopted as L 1915, ch 130.)
The question is whether this provision should be construed to disqualify a member of the police or fire department from being a candidate for public office or whether the provision permits candidacy but would require that the successful candidate resign from his position as a police officer or firefighter prior to assuming the other public office.
A review of applicable case law indicates that the language of the various statutes restricting the holding by one person of multiple public offices is critical in determining the nature of the disqualification. InPeople v Purdy, 154 N.Y. 439 (1897), the Court of Appeals construed a provision of the Town Law providing that "no trustee of a school district shall be eligible to the office of supervisor of any town or ward of the state". The Court concluded that a school trustee is not only incapable of holding the office of supervisor, but also of being elected to that office:
 "A public statute relating to the qualifications of public officers should never be so construed as to produce inconvenience or to promote a public mischief or to render the action of the voters at the election abortive. It should, in every case when the language will fairly permit, be given such a construction as to enable the electors to act intelligently, and to accomplish with as much certainty as practicable the purpose that they may have in view. If it be held that the disqualification of the statute applies only to the holding of the office, and not to the capacity of the candidate for election, then the electors can never know when voting for a school trustee for the office of supervisor, whether they will succeed in filling the office or not" (emphasis supplied; id.,
p 442).
Subsequent decisions indicated that different statutory language would lead to different results. In People ex rel. Miller v Mynderse,140 App. Div. 789 (3d Dept, 1910), affd 201 N.Y. 524 (1911), the statute in issue provided that "a person shall not hold two village offices at the same time". In distinguishing People v Purdy, supra, the Court indicated that this language did not relate to the capacity of a person holding the position of village trustee to be a candidate for the office of village president but clearly was intended to prevent the same person from holding two village offices at the same time (id., p 791). "It relates in terms and spirit to the situation of the office, not on election day but on the day when he enters into the performance of his duties" (ibid.).
In Matter of Clancy v Sloan, 273 N.Y. 152 (1937), the Court of Appeals construed a statute providing that "no person shall be eligible to hold more than one elective town office". The Court concluded that this language did not disqualify the incumbent from running for the second office but once elected would prevent him from holding both offices. InPeople v Purdy, supra, the statute provided that a trustee of a school district is not "eligible to the office of supervisor". The Court inMatter of Clancy v Sloan distinguished Purdy by characterizing the statutory language in issue in that case as a statement of the necessary qualifications for a candidate for the supervisor of the town (273 N.Y. 152, 155-156). The distinction is the presence of the word "hold" in the statutes.
You have cited Ferraro v City School Dist., 69 Misc.2d 800 (Sup Ct, Schenectady Co, 1972), a decision which appears to be at odds with Peopleex rel Miller v Mynderse, supra, and Matter of Clancy v Sloan, supra. The Court construed a statute providing that "no person shall hold at the same time the office of member of the board of education and any city office", and concluded that under this language a person holding a city office would not be eligible to run for the second office. While citingPeople v Purdy, supra, a case involving substantially different statutory language, the Court makes no reference to Miller and Clancy, in which statutory language similar to that in Ferraro was under examination. Further, Ferraro's reliance upon Matter of Brayman v Stevens,54 Misc.2d 974 (Sup Ct, Dutchess Co, 1967), affd 28 A.D.2d 1090 (2d Dept, 1967), affd 20 N.Y.2d 868 (1967), is misplaced. Matter of Brayman
involved a dual nomination of one person to two positions that by statute could not be simultaneously held by the same person. The Court relied upon provisions of section 147 of the Election Law (currently § 6-122), providing that a person may not be designated or nominated for a public office who is not a citizen of the State; is ineligible to be elected to such office; or who, if elected will not at the time of commencement of the term of such office, meet the constitutional or statutory qualifications thereof. A person nominated to two positions, which could not under the provisions of a statute be simultaneously held by the same person, would not be statutorily qualified to enter both offices. Thus, the Court found that the above-cited provisions of the Election Law would render such a nomination a nullity, and concluded that the person could not be nominated for both positions.
These same provisions of the Election Law (§ 147, currently § 6-122) have been construed as not prohibiting a person holding a position from being nominated to a second position, when a statute has declared that the two positions may not be simultaneously held by the same person (Matter of Walker v Furst, 64 Misc.2d 186 [Sup Ct, Rockland Co, 1970],35 A.D.2d 727 [2d Dept, 1970], 27 N.Y.2d 805 [1970]; Amelio v Van Wart,et al, 41 A.D.2d 948 [2d Dept, 1973]). Under statutes prohibiting the holding of two positions, there is no prohibition on being a candidate for the second position and therefore section 147 of the Election Law (currently § 6-122) would not prohibit a nomination to a second office (ibid.).
Under section 159 of your city's charter, "no member of the police or fire department shall hold any other office nor be employed in any other department of City Government". Under the decisions cited above, we believe this language should be construed so as not to prohibit members of the police or fire departments to be candidates for a second office or position. However, upon entering the second position, if the person had not previously resigned from the first, he would by operation of law vacate that other office or position (People ex rel. Ryan v Green,58 N.Y. 295 [1874]; People ex rel. Miller v Mynderse, supra; Mtr. ofDykeman v Symonds, 54 A.D.2d 159 [4th Dept, 1976]).
We conclude that under the terms of the city charter of the City of Cohoes, a member of the police or fire department may be a candidate for a second city office, but upon assuming the second office, the person would by operation of law vacate the other office.