Kenneth H. Holcombe, Esq. Village Attorney, Dannemora
You have asked whether a member of the board of trustees of a village who is subsequently elected to the position of assistant fire chief of the village fire department may hold both offices.
Section 10-1012 of the Village Law provides in part as follows:
 "A person shall not hold the office of village mayor or village trustee and the office of chief or assistant of a village fire department at the same time. Notwithstanding any inconsistent provision of law, a person who is the chief or an assistant chief of a village fire department, if he is otherwise qualified, may be elected to the office of village mayor or village trustee or may be appointed to the office of village mayor or village trustee to fill a vacancy and, if he is so elected or appointed, his office as chief or assistant chief, as the case may be, shall become vacant upon his taking his oath of office as village mayor or village trustee."
This language was added to the Village Law by chapter 548 of the Laws of 1970.
Thus, by statute it is clear that these two offices are incompatible and may not be held simultaneously by the same person. The remaining question is whether an individual holding one of the offices is eligible to run for election to the other office.
A review of applicable case law indicates that the language of statutes restricting the holding of multiple offices is crucial in determining the nature of the disqualification. In People v Purdy, 154 N.Y. 439 (1897), the Court of Appeals construed a provision of the town law stating that no trustee of a school district "shall be eligible to" the office of supervisor of any town. In relying upon the ordinary meaning of the word "eligible", the Court concluded that a trustee is not only incapable of holding the position of supervisor, but also of being elected to that office.
Subsequent decisions indicated that different statutory language would lead to different results. In People ex rel. Miller v Mynderse,140 App. Div. 789 (3d Dept, 1910), affd 201 N.Y. 524 (1911), the statute under review provided that a person "shall not hold two village offices at the same time". In distinguishing People v Purdy, supra, the Court indicated that this language did not disqualify a person holding a village office from being a candidate for another village office but was intended to prevent the same person from holding two village offices at the same time (id., 791). Subsequently, the Court of Appeals construed a statute providing that no person shall be "eligible to hold" more than one elective town office (Matter of Clancy v Sloan, 273 N.Y. 152
[1937]). It was concluded that this language did not disqualify a person from running for the second town office, but once elected it prevented him from holding both offices.
While section 10-1012 of the Village Law prohibits simultaneous holding of the offices of village trustee and chief or assistant chief of the village fire department, it goes further. It specifically authorizes a person holding the position of chief or assistant chief to be elected or appointed to the office of trustee, and provides that upon taking the oath of office for trustee the person will vacate the office of chief or assistant chief. However, the statute is silent as to whether a village trustee may be a candidate for the office of chief or assistant chief of the village fire department.
This language was added to the Village Law by chapter 548 of the Laws of 1970, a departmental proposal of the New York State Office for Local Government (Bill Jacket, L 1970, ch 548). The intention was to establish a statutory prohibition on the holding of these offices, in light of an opinion of the State Comptroller holding that the positions were incompatible under the common law (memorandum from Office for Local Government, supporting Assembly 4569). In specifically authorizing a chief or assistant chief to be elected or appointed to the office of trustee, but remaining silent as to whether a trustee was eligible for appointment to the position of chief or assistant chief, it was not intended that the latter be precluded (ibid.). The statute is silent on this question "because of the extreme unlikelihood that a village mayor or trustee would seek the position of chief or assistant chief at the expense of forfeiture of his office as mayor or trustee" (ibid.). Therefore, we believe that a trustee may be a candidate for the office of chief or assistant chief, provided that he resigns the office of trustee prior to assuming the other office. This follows from the Court cases cited above, construing language prohibiting the "holding" of two offices(People ex rel. Miller v Mynderse, supra, and Matter of Clancy v Sloan,supra).
We note that in villages with no board of fire commissioners, the board of trustees must approve the nominees for the office of chief and assistant chief (1971 Op Atty Gen [Inf] 68). Under the rule established by Wood v Town of Whitehall, 120 Misc. 124 (S Ct, 1923), affd206 App. Div. 786 (3d Dept, 1923), a board may not appoint one of its own members to a public office. Thus, the board of trustees could not approve the nomination of one of its members to the position of chief or assistant chief.
We conclude that a person may not simultaneously hold the positions of member of the board of trustees of a village and chief or assistant chief of the village fire department.