(April 23, 1986)

■ In the Matter of LOUIS LA BOSCO et al., Appellants-Respondents, v ROBERT F. DUNN, Respondent-Appellant, et al., Respondents.—In a proceeding to invalidate a petition nominating Robert F. Dunn as a candidate in the election to be held on May 6, 1986, for the public office of member of the Community School Board in Community School District No. 15, the petitioners appeal from an order of the Supreme Court, Kings County (Slavin, J.), dated April 10, 1986, which granted Dunn's motion for reargument, and upon reargument, set aside a judgment of the same court dated March 31, 1986, which had struck Dunn's name from the ballot, returned Dunn's name to the ballot, and dismissed the proceeding, and candidate Dunn appeals from the judgment dated March 31, 1986.

Appeal from the judgment dismissed, without costs or dis-

bursements. The judgment was superseded by the order, made on reargument.

Order affirmed, without costs or disbursements.

The petitioners claim that Robert F. Dunn is ineligible to seek the public office of member of the Community School Board, Community School District No. 15. Dunn is currently employed as a teacher in that district, although he has submitted a letter of resignation, effective only in the event of his election, as of June 30, 1986, the day prior to the commencement of the terms of office of community school board members. The petitioners, relying upon Education Law § 2590-c (4), contend that because Dunn is currently employed by the district as a teacher, he is ineligible to seek election to the Community School Board. The Supreme Court, Kings County, by judgment dated March 31, 1986, granted the petition and struck Dunn's name from the ballot. The court, however, stated that it would reconsider its determination if Dunn submitted an irrevocable letter of resignation from his teacher's position. Dunn thereupon submitted a letter of resignation conditioned upon his election, and the court returned Dunn's name to the ballot and dismissed the proceeding. The petitioners now appeal, arguing that Dunn's employment within the district renders him ineligible to seek the elective office of member of the Community School Board in that district. We affirm.

Education Law § 2590-c (4), by its express terms, states that "[a] member of a community board shall be ineligible to be employed by the community district of which he is a board member". The aforesaid provision forecloses a community board member from seeking employment in the district of which he is a board member; it does not purport to create eligibility criteria for employees seeking elective office on the board. Since Education Law § 2590-c (4), creates only a disability to hold employment in the district where a board member serves, Dunn's eligibility to seek elective office is not affected by his employment within the district. The case of *People v Purdy* (21 App Div 66, *affd* 154 NY 439) does not require a contrary result. In *Purdy,* relevant provisions of the Town Law provided that persons employed in certain capacities were ineligible to seek the office of Town Supervisor. At bar, the Education Law does not so similarly provide, but rather, disqualifies an elected board member from being employed in the district on whose board he sits. Accordingly, the court properly declined to strike Dunn's name from the ballot. Lazer, J. P., Brown and Eiber, JJ., concur.

Rubin, J., concurs in the dismissal of the appeal from the judgment and affirmance of so much of the order as grants reargument, but otherwise dissents, and votes to reverse so much of the order appealed from as set aside the original determination, and to adhere to the original determination striking Dunn's name from the ballot, with the following memorandum:

In my view, the term "ineligible" as employed in Education Law § 2590-c (4) denotes a condition of eligibility existing at the time of selection and does not provide for the mere disqualification of Dunn from employment in the school district upon election (see, People v Purdy, 21 App Div 66, 67, affd 154 NY 439). Thus, Dunn's current employment within the school district on whose Community School Board he wishes to sit, forecloses him from qualifying as an eligible candidate for the office sought. Moreover, Dunn's conditional resignation letter cannot change the fact that at the point of his selection by the electors he would nevertheless remain ineligible to hold the position sought by virtue of his employment. Finally, the concern of the Court of Appeals in People v Purdy (supra, pp 442-443) that such a candidate could frustrate the electoral process by simply refusing to resign, is not ameliorated by a resignation of the sort tendered by Dunn. Dunn could still, after his election, simply refuse to resign and, thereby void his selection by the voters. Accordingly, Dunn's name should be stricken from the ballot.