In the Matter of the Application of JOHN FRANCIS NEARY, a Citizen and Enrolled Democrat, Respondent, in Behalf of Himself and All Others Similarly Situated, for an Order against JOHN R. VOORHIS and Others, Constituting the Board of Elections of the City of New York, Appellants.

First Department, December 14, 1923.

Appeal — questions reviewable — academic question of great public interest may be reviewed — elections — board of elections will not be compelled to accept declination of candidate to party position filed after time limited by Election Law, § 140, subd. 2 — county committee membership is "party position" under Election Law, § 2, subd. 9 — board of elections not required to notify designee to party position — filing certificates after time limited by Election Law will not ordinarily be compelled.

The question presented on this appeal. which is from an order granting the petitioner's motion to direct the board of elections of the city of New York to accept a certificate of declination of the petitioner as a candidate for membership in the Democratic county committee of the county of New York, which declination was filed in September, 1923, is an academic one, but since it presents a question of great public interest and one which is apt to recur in subsequent primary elections, the Appellate Division will decide the question on the merits.

One who is designated as a candidate for membership in the Democratic county committee of the county of New York must, if he wishes to decline the designation, file a certificate of declination under subdivision 2 of section 140 of the Election Law within the time limited thereby, and the board of elections cannot relieve a person from the provisions of that section and the courts will not compel the board of elections to file a certificate of declination after the time limited, where the only reason for not filing it within the time specified is that the designee was not informed of his designation in time to permit him to comply with said section of the Election Law.

A county committee membership is a party position under subdivision 9 of section 2 of the Election Law and not a nomination for a public office and the board of elections is not required by section 141 of the Election Law to notify the designee that he has been designated as a candidate for a party position.

The scheme of the Election Law is mandatory in respect to time limitations for the filing of the various certificates therein provided for, and unless there is shown some excusable inadvertence, mistake or default, which in the discretion of the court may be relieved by directing acceptance of a certificate which has not been filed in time, but which certificate was prepared and under course of being filed within the period limited, the legislative rule of time for declinations must be followed.

APPEAL by the defendants, John R. Voorhis and others, constituting the board of elections of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on or about the 8th day of September, 1923, granting the petitioner's motion to direct the appellants to accept the certificates of declination of the petitioner and all others similarly situated as candidates for membership in the Democratic county committee of the county of New York.

*George P. Nicholson, Corporation Counsel* [*Russell Lord Tarbox* of counsel; *John F. O'Brien* with him on the brief], for the appellants.

*Powers & Kaplan* [*Abraham Kaplan* of counsel; *Philip Samuels* with him on the brief], for the respondent.

McAvoy, J.:

The court at Special Term granted an application directing the board of elections to receive a certificate of declination of the petitioner as a candidate for member of the Democratic county committee of the ninth Assembly district, fifty-second election district, and to refrain from printing his name as such candidate upon the primary ballot.

The record does not show the date on which the certificate of designation of the petitioner and other candidates for membership on the committee was filed, but inasmuch as the Election Law, section 140, requires that it be filed not later than a certain day, which would be in the current year August 21, 1923, that must be taken as the latest date on which it could be filed. The same section designates, through fixation of a day certain for its filing, August twenty-fourth as the last day on which such a designation may be declined. The moving papers show that the petitioner did not learn of his designation until August thirtieth, on which date he executed a declination. The precise date upon which it was tendered to the board does not appear, except as it may be inferred from the recital in the order that it was within three full business days after this knowledge had been obtained.

The papers also allege, upon information and belief, that thirty-five other candidates had attempted to file similar certificates of

declination; and their names and addresses are appended to the petition. The order was granted not only as to the petitioner but as to " all others similarly situated, a list of whom in part is attached to the petition."

While the question is an academic one, it should be decided upon the merits as of great public interest and of likely recurrence in subsequent primary elections.

In *Matter of Cuddeback* (3 App. Div. 103) an application was made for an order to require the county clerk to receive certain certificates of nomination after the time prescribed by law. The appeal was not heard until after the election. The court said (at p. 109): " Whether courts will decide a case involving a question which has ceased to be of practical interest to the parties seems to depend upon whether the question involved is one of public importance. The question in this case is one of great public interest, affecting the rights of all of the electors in this State, and, I think, the courts should determine it."

We think the board of elections properly refused to accept the declination.

Up to the year 1922 there was no provision of law requiring the affirmative consent of a candidate before his designation for nomination to a public office or election to a party position at a primary. The Legislature of 1922, in order to remedy the situation, in the revision of the Election Law enacted the following sentence at the end of section 135: " Appended to the petition and filed therewith, shall be the affidavit of one of the signers to the petition, or of a member of the committee to fill vacancies, that he communicated personally or by mail or by telephone or telegraph, as the case may be, with the person designated for the office or party position and that such person then expressly consented to be designated for such office or position; and such an affidavit shall be so appended and filed as to each candidate named in the petition."

Thereafter this method of procuring consents of candidates provoked litigation over the question of the proof of the authenticity of the consents, and the Legislature, by chapter 597 of the Laws of 1923, repealed this sentence, thus restoring the law to the same form in which it had always been, except during the year preceding.

A certificate of designation was filed nominating the petitioner and others without their consent. As appears by the moving papers, thirty-one of these persons filed declinations within the next three days, which were accepted by the board of elections. When, however, the petitioner attempted to file his declination twelve days later, on September fifth, he was informed that it was too late,

and that the board had no authority to accept the same. Section 140, subdivision 2, of the Election Law provides: " A declination of a designation shall be filed not later than the third day after the fourth Tuesday preceding the primary election," which in this case was August twenty-fourth.

The board of elections had no power to relieve the petitioner from the provisions of that section, and, therefore, properly refused to accept his declination. There was no duty upon the board to send notice of his designation for a party position to the petitioner, as that duty is limited to nominations to public office and appears at the end of section 141 of the Election Law, as follows: " Forthwith upon the filing of a petition designating a person or persons for nomination to public off ce, such officer or board shall mail notice thereof to each such person."

A county committee membership is a party position and not a nomination for a public office. Subdivision 9 of section 2 of the Election Law says: " The term ' party position ' means membership in a party committee or the position of delegate or alternate to a party convention."

The board was then by the statute under no duty to notify the applicant of his designation for a party position.

The scheme of the Election Law is mandatory in respect of time limitations for the filing of the various certificates therein provided for, and unless there is shown some excusable inadvertence, mistake or default, which in the discretion of the court may be relieved by directing acceptance of a certificate which has not been filed in time, but which certificate was prepared and under course of being filed within the period limited, the legislative rule of time for declinations must be followed.

In *Matter of Halpin* (108 App. Div. 271) the rule was plainly pointed out that no such relief would be granted. The learned court stated: " As we understand the argument of the learned counsel for the petitioner he contends that these facts present a situation neither contemplated nor provided for by the statute, and, therefore, constitute a *casus omissus*, and justify the court in making and promulgating an appropriate rule of law to fit the case and carry the legislative intent, not expressed, into effect. We think the course suggested is fraught with great danger. We cannot peer into the future and foresee all conditions that may arise and the various phases in which, by certain exigencies, cases may be presented for a construction of the Election Law that may justify or require a strained construction of the statute to prevent the disfranchisement of electors or enforce the just claims of political parties or candidates. We shall, therefore, refrain from expressing

any opinion on whether, in any emergency, the court would indulge in so-called judicial legislation, and if so, what circumstances would constitute such emergency. We are all agreed that no such emergency is now presented. There has been no fraud or accident to prevent the filing of a certificate of nomination duly and timely authorized by the convention, and there has been no neglect or refusal on the part of any public board or official to perform a statutory duty. After having been duly and regularly nominated a candidate has asked the convention which nominated him to permit him to withdraw after the expiration of the time within which he could keep his name off the official ballot by declining, and the convention has seen fit to favor his recommendation and substitute the name of another in his place who is already on the ballot, having been duly nominated as an independent candidate for the same office, and we are asked to approve of this course in the face of the fact that it is expressly forbidden by subdivision 1 of section 66 of the Election Law (as amd. by Laws of 1905, chap. 643)." This course the court refused to follow.

We find the matter now presented to bear a close analogy to the related circumstances of the *Halpin* case. The petitioner desires to decline a designation to a party position after the period during which the Election Law permits the official body having the filing of such declination in charge to receive his declination. There was no attempt within the time to complete the requirement for filing, which has been frustrated by some unforeseen casualty, and without such ground for the court's exercise of discretion there is no remedy for the petitioner's situation. If it be said *arguendo* that many unauthorized designations may be made of persons who are absent and unable to acquaint themselves with their being placed upon party committees without their consent and may thus be forced into the apparent position of supporting factions to which they are opposed, it is a complete answer that for any such evil consequence of the present enactment there must be found a legislative remedy to prevent its occurrence. The courts cannot be looked to for the correction of every detail in the administration of the election machinery where there is claimed to have been a legislative lapse in the provisions made for certain exigencies.

The order directing the board of elections to receive the certificate of declination of petitioner should be reversed, and the application denied.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

**Order reversed and motion denied.**