Joseph P. Kuszynski, J.
In this .summary proceeding under section 330 of the Election Law this court is asked to invoke its discretionary powers and permit the late filings of election certificates after the statutory time period for such filing has expired.
Frank M. Kress filed a designating petition as candidate for the Republican nomination in the September 14 Primary Election for the office of County Legislator in the 7th District of Niagara County. He now .seeks from this court permission to withdraw from the contest by filing a certificate of declination although the statutory time limitation for declinations has expired. Savilla M. Kress, his wife, joins him in this petition. She seeks permission to be substituted as the candidate in his place as a result of action by the committee on vacancies of her *122 husband by being permitted to file a tardy certificate of acceptance. These certificates were submitted to the Board of Elections fo.r filing on August 9.
The New York State Legislature in enacting section 149-a of .the Election Law (L. 1971, ch. 22) provided respectively in subdivisions 7 and 9 thereof that August 3 is 11 The last day to file a certificate of acceptance or declination ’ ’ and August 6 is “ The last day to file a certificate to fill a vacancy * * # caused by a declination ’ ’.
The petitioner, Frank M. Kress, grounds .this application upon developments which occurred subsequent to his filing* as a candidate in the primary. In his petition he recites that he was offered and that he accepted temporary employment as an interviewer with the New York State Employment Service subsequent to his filing for the primary and that because he accepted such employment he ran afoul of both the so-called Little Hatch Act of New York State and the United States Hatch Act, both of which prohibit him from engaging in political activities because the State Employment Service is partially supported with Federal funds.
Compliance with the statutory time requirements covering filing of certificates is mandatory. (Matter of Brodesser v. Power, 14 N Y 2d 769.) However, the courts under the discretionary powers vested in them have permitted late filings to relieve a mistake, to correct an error, or where an excusable inadvertence or accident leads to a delay in the filing of an acceptance or designating* certificate of any candidate who desires to run for office and who otherwise is in compliance with the provisions of the Election Law. In Matter of Mellen v. Board of Elections (262 N. Y. 422) it was held that Special Term can exercise “ discretion upon proper showing* to correct errors and mistakes made in the filing* of certificates of nominations where no harm can come to any party and the election machinery in other respects will be in no way affected ’ ’. In Matter of Battista v. Power (10 N Y 2d 867) where an unacknowledged certificate of acceptance was filed within the permitted time period a correct certificate was permitted to be filed after the prescribed time period had expired. In Moore v. Bachman (73 N. Y. S. 2d 62) the Board of Election office was closed earlier than the usual hour on the last day for filing. There the certificate of acceptance was permitted to be filed at a later date nunc pro tunc. Where a typographical error occurred in the certificate of acceptance, corrected certificates were permitted to be filed after the prescribed time. (Matter of Carson *123 v. Lomenzo, 18 N Y 2d 263; Matter of Tricario v. Power, 13 N Y 2d 886.)
The courts, however, have been most reluctant to exercise their discretionary powers to permit late filings of declinations under, any circumstances after the statutory time period has expired. Attempted withdrawals were denied in Matter of Jerge v. Gedden (230 App. Div. 870); Matter of Halpin (108 App. Div. 271), Matter of Neary v. Voorhis (207 App. Div. 419) and Matter of Brook v. Cohen (169 Misc. 369). It is no longer a private matter involving the individual candidate only when he seeks to withdraw after the time for such withdrawal has expired. The public also has an interest in such action because the extent of the choices of the electorate for a given office is affected. Valid reasons exist why the courts must rarely if ever exercise summary discretionary powers to permit withdrawals after the statutory time for filing has expired. In such cases the suspicion may be present in the public’s mind that there is collusion among the candidates which could deprive voters of a free, fair and wide choice.
The instant application to lift the requirements of the statutory time period for filing election certificates is denied in all respects.