■ In the Matter of RAPHAEL AMELIO, Respondent, v. WILLIAM J. VAN WART et al., Constituting the Board of Elections of Westchester County, Respondents, and PHILIP A. MARRACCINI, Appellant.— In a proceeding to compel the Board of Elections of Westchester County to accept (1) the certificate of Oliver W. Angelone declining a designation of him as a candidate in the Republican Party Primary Election to be held on June 4, 1973 for nomination for the public office of Supervisor of the Town of Harrison and (2) substitution of Pat V. Anganaro as such candidate, the appeal is from a judgment of the Supreme Court, Westchester County, entered May 17, 1973, which granted the application. Order reversed, on the law and the facts, and proceeding dismissed on the merits, without costs. On March 5, 1973 the Harrison Republican Town Committee designated Óliver W. Angelone, an employee of the

Federal General Services Administration, as its nominee for the office of Supervisor of the Town of Harrison in the primary election to be held on June 4, 1973. On April 9, 1973 Angelone and appellant, Philip Marraccini, each filed designating petitions containing sufficient signatures to qualify as designees for the Republican Party nomination for that office. On May 7, 1973 Angelone executed a certificate of declination. In his affidavit at Special Term he deposed that he was employed by a United States Government agency and that his consideration for nomination might be viewed as a violation of the Hatch Act (U. S. Code, tit. 5, § 7324), which prohibits Federal employees from taking an active part in political campaigns. On May 8, 1973 Pat Angarano was designated by the Committee on Vacancies as a substitute for Angelone; and Angarano executed a certificate of acceptance of substitution. The Board of Elections of Westchester County refused to accept Angelone's certificate of declination and Angarano's certificate of acceptance of substitution, on the ground that the certificates had not been timely filed pursuant to subdivisions 6 and 8 of section 149-a of the Election Law (L. 1973, ch. 26, § 2 [art. 6-A, entitled "Political Calendar for 1973"]). In our opinion, Special Term was in error in granting the application herein. Angelone's certificate of declination and Angarano's acceptance of the designation were concededly untimely, since the statute requires the filing of a certificate of declination and the filing of a certificate to fill a vacancy in a designation caused by a declination by April 17, 1973 and by April 20, 1973, respectively (Election Law, § 149-a, subds. 6, 8). Compliance with the statutory requirements concerning the filing of certificates is mandatory (Election Law, § 143, subd. 12) and the courts are most reluctant to exercise their discretionary powers to permit late filings of declinations under any circumstances, including those at bar, after the statutory time period has expired (*Matter of Kress* v. *Board of Elections of County of Niagara,* 67 Misc 2d 121). Nor can the judgment be upheld on the ground that Angelone was disqualified for the designation. Section 147 of the Election Law provides that " a person shall not be nominated for a public office who (1) is not a citizen of the state of New York; (2) is ineligible to be elected to such office; or (3) who, if elected, will not at the time of commencement of such office, meet the constitutional or statutory qualifications thereof." Angelone does not come within any of the statutory specifications for disqualification. His employment by the United States Government does not disqualify him from holding public office, but merely prohibits his continuing Federal employment while he holds public office. Munder, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.