In the Matter of PAT V. ANGARANO et al., Respondents, v. WILLIAM J. VAN WART, as Commissioner, Appellant, and ALBERT T. HAYDUCK, as Commissioner, et al., Respondents, All Constituting the Board of Elections of the County of Westchester.

Second Department, September 18, 1973.

Brevetti & Goldsmith (*Louis A. Brevetti* of counsel), for appellant.

Stephen Davis for Pat V. Angarano and another, respondents.

Alfred F. Sulla, Jr., for Oliver W. Angelone, respondent.

Per Curiam. In this proceeding to compel the Board of Elections of Westchester County to substitute Pat V. Angarano for Oliver W. Angelone as the candidate of the Republican Party for the office of Supervisor of the Town of Harrison in the gen-

eral election to be held in November, 1973, the appeal is from a final order of the Supreme Court, Westchester County, entered July 20, 1973, which granted the application. ·

The appeal should be dismissed, without costs, on the ground that the order recites that it was entered upon the consent of all the parties or, at the very least, without any opposition being interposed to the relief requested. We should, however, direct the Special Term to recall its determination and dismiss the petition.

Heretofore, petitions were filed designating Angelone as a candidate in the Republican Party primary election for nomination for the office of Supervisor of the Town of Harrison. He accepted the designation. After the statutory time to decline the designation had passed, he sought to withdraw his name from the ballot on the ground that as a Federal employee he was ineligible to run for the position of Supervisor. The Board of Elections properly declined to accept his declination and advised him that his name would continue to be listed on the ballot as a candidate. At the same time the Board of Elections advised Angarano that his certificate of acceptance, which was predicated upon Angelone's declination, was not accepted and that his name would not appear on the ballot. The Special Term was then petitioned, in a previous proceeding, to remove Angelone's name as a candidate and for a further order substituting Angarano in his place and stead. That application was granted by the Special Term, but upon appeal to this court the order was reversed in an opinion in which we said (*Matter of Amelio* v. *Van Wart*, 41 A D 2d 948): " On March 5, 1973 the Harrison Republican Town Committee designated Oliver W. Angelone, an employee of the Federal General Services Administration, as its nominee for the office of Supervisor of the Town of Harrison in the primary election to be held on June 4, 1973. On April 9, 1973 Angelone and appellant, Philip Marraccini, each filed designating petitions containing sufficient signatures to qualify as designees for the Republican Party nomination for that office. On May 7, 1973 Angelone executed a certificate of declination. In his affidavit at Special Term he deposed that he was employed by a United States Government agency and that his consideration for nomination might be viewed as a violation of the Hatch Act (U. S. Code, tit. 5, § 7324), which prohibits Federal employees from taking an active part in political campaigns. On May 8, 1973 Pat Angarano was designated by the Committee on Vacancies as a substitute for Angelone; and Angarano executed a certificate of

acceptance of substitution. The Board of Elections of Westchester County refused to accept Angelone's certificate of declination and Angarano's certificate of acceptance of substitution, on the ground that the certificates had not been timely filed pursuant to subdivisions 6 and 8 of section 149-a of the Election Law (L. 1973, ch. 26, § 2 [art. 6-A, entitled 'Political Calendar for 1973']). In our opinion, Special Term was in error in granting the application herein. Angelone's certificate of declination and Angarano's acceptance of the designation were concededly untimely, since the statute requires the filing of a certificate of declination and the filing of a certificate to fill a vacancy in a designation caused by a declination by April 17, 1973 and by April 20, 1973, respectively (Election Law, § 149-a, subds. 6, 8). Compliance with the statutory requirements concerning the filing of certificates is mandatory (Election Law, § 143, subd. 12) and the courts are most reluctant to exercise their discretionary powers to permit late filings of declinations under any circumstances, including those at bar, after the statutory time period has expired (*Matter of Kress v. Board of Elections of County of Niagara*, 67 Misc 2d 121). Nor can the judgment be upheld on the ground that Angelone was disqualified for the designation. Section 147 of the Election Law provides that 'a person shall not be nominated for a public office who (1) is not a citizen of the state of New York; (2) is ineligible to be elected to such office; or (3) who, if elected, will not at the time of commencement of such office, meet the constitutional or statutory qualifications thereof.' Angelone does not come within any of the statutory specifications for disqualification. His employment by the United States Government does not disqualify him from holding public office, but merely prohibits his continuing Federal employment while he holds public office.''

In the contested primary election which followed, Angelone was the victorious candidate. Again, he sought to file a declination and to have Angarano substituted for him, but the Board of Elections refused to accept his declination.

Thereupon, the present petitioners applied to the Special Term in the instant proceeding for an order directing the Board of Elections to substitute Angarano in place of Angelone as the candidate of the Republican Party in the general election for the office of Supervisor of the Town of Harrison. This petition, as was the one previously passed on by this court, was based upon the alleged disqualification of Angelone to become a candidate for Supervisor because he was a Federal employee.

When the matter came on to be heard by the Special Term, the learned Justice presiding, upon the " consent " of the County Attorney, permitted the petitioners to submit an amended petition adding as an additional ground for Angelone's disqualification the fact that he was a member (trustee) of the Board of Education of Central School District No. 1, Towns of Harrison, Rye and North Castle, Westchester County, and was thereby rendered ineligible to run for the office of Supervisor of the Town of Harrison.

Without opposition on the part of the County Attorney, the petition was granted and the Board of Elections was directed to substitute the name of Angarano for that of Angelone. The opinion of the learned Justice at Special Term reads: " Motion for a final order directing the Board of Elections of Westchester County to substitute the name of PAT V. ANGARANO in the place of OLIVER W. ANGELONE, as candidate for the office of Supervisor of the Town of Harrison in the November, 1973 general election. *The County Attorney has consented in open court to the entry of an order herein based upon section 23 of the Town Law* which makes trustees of school districts ineligible to hold the office of Supervisor. At oral argument, it was conceded that Mr. Angelone is and intends to remain as such School District trustee. He is therefore disqualified as ineligible. The motion is, accordingly, granted." (Emphasis supplied.)

The order entered thereon clearly violated our prior determination that Angelone could not get off the ballot and the attempt to substitute another ground to accomplish the same purpose should have been rejected. One who has a right to relief cannot assert it piecemeal. Angelone, in his original petition, was required to assert all possible grounds which assertedly gave him the right to have his name removed from the ballot. Not having done so he should not have been permitted to come into court and by substituting another ground obtain the same relief theretofore denied to him. It is not inappropriate to note that in view of the essentially ex parte nature of the proceeding it is not even clear that the Special Term was advised of our determination.

In addition, Angelone was not in any event substantively entitled to relief. The amended petition and the Special Term's opinion relied upon section 23 of the Town Law, which the Special Term held renders him (Angelone) " ineligible to hold the office of Supervisor." That section, *inter alia*, reads: " No * * * trustee of a school district shall be eligible to the office of supervisor ".

However, after the adoption of the statute which is now section 23 (formerly § 50), the Legislature enacted section 149 of the Education Law, the verbiage of which, as now contained in subdivision 3 of section 2112 of the Education Law, reads: " A trustee or a member of a board of education vacates his office by the acceptance of either the office of district superintendent or of supervisor."

In view of this provision of the Education Law, it is clear that a school trustee is not ineligible to become a candidate for the office of Supervisor. He may do so, but as a consequence he " vacates his office " as a trustee if he is elected and is sworn in as a Supervisor (*Matter of Kilburn*, 157 Misc. 761). (See, also, to the same effect the following opinions of the Attorney-General: 48 N. Y. St. Dept. Rep. 143; 7 N. Y. St. Dept. Rep. 502; 1967 Opns. Atty. Gen. 66; 1965 Opns. Atty. Gen. 114; 1966 Opns. Atty. Gen. 81.)

*People* v. *Purdy* (154 N. Y. 439), upon which the petitioners rely, was decided prior to the enactment of section 149 (now § 2112, subd. 3) of the Education Law and, in that regard, is no longer controlling (*People* v. *Kenyon*, 152 App. Div. 898, affd. 207 N. Y. 692).

In addition, it should be noted that the order under review was made without the joinder of, or notice to, the other candidates for the office of Supervisor, all of whom were entitled to notice of the petitioners' application. On that ground alone the Special Term was without jurisdiction to entertain this application.

In passing we note that, even if the order removing Angelone as a candidate of the Republican Party were to be given validity, he would still be on the ballot as a candidate of the Conservative Party.

Our determination here should not be construed as any criticism of the Justice at Special Term, who acted upon what he considered to be the consent of all the parties and apparently without his attention being called by them to the pertinent provisions of the Education Law.

HOPKINS, Acting P. J., and LATHAM, J., concur in the dismissal of the appeal, but dissent from the direction to the Special Term to recall its determination, with the following memorandum:

The present status of petitioner Angelone as a school district trustee, which is clearly incompatible with the office of Supervisor, does not give the electorate a fair choice under the special circumstances of this case (cf. *People* v. *Purdy*, 154 N. Y. 439; *Matter of Burns* v. *Wiltse*, 303 N. Y. 319; *Matter of O'Neill* v

*Slater*, 3 N Y 2d 910). The voters should not be presented with the prospect of an idle election of an unwilling candidate who prefers the office of school district trustee to that of Supervisor.

SHAPIRO, GULOTTA and BENJAMIN, JJ., concur in *Per Curiam* opinion; HOPKINS, Acting P. J., and LATHAM, J., concur in the dismissal of the appeal, but dissent from the direction to Special Term to recall its determination, with a memorandum.

Appeal dismissed, without costs, and proceeding remitted to Special Term which is directed to recall its determination and dismiss the petition.