Glenst B. Moeton, J.
TMs is a summary proceeding pursuant to the Election Law wherein the petitioner seeks an order authorizing the respondents, at this point, to accept his certificate of declination as the Bepublican nominee for the office of Town Justice in the Town of LeBoy in order that a vacancy might be declared and another candidate selected.
To this effect, it is noted that the Town of LeBoy is governed under the primary system, and accordingly the final date for declining the instant designation terminated on April 17, 1973 (Election Law § 149-a, as enacted by L. 1973, ch. 26).
The scheme of the Election Law is mandatory in respect to time limitations for the filing of the various certificates therein required (Matter of Neary v. Voorhis, 207 App. Div. 419). As such and considering the expiration of the authorized period allowed for the submission of declinations, the remedies available to the petitioner here are strictly limited by statute.
Generally, it is provided that such relief is permitted only in the event of death, disqualification (Election Law, § 140, subd. 1), or in the event the person is thereafter nominated for another office (Election Law, § 139, subd. 5). Additionally, it is provided that the court might also grant discretionary relief in certain situations involving some excusable mistake, inadvertence of default (Election Law, § 330; Matter of Lauer v. Board of Elections of City of N. Y., 262 N. Y. 416). However, such discretion is narrowly restricted to those situations where the particular mistake, inadvertence or default brought about or produced the failure to file within the prescribed time limits (Matter of Neary v. Voorhis, 207 App. Div. 419, 442, supra; Matter of Lauer v. Board of Elections of City of N. Y., supra, p. 420; Matter of Kress v. Board of Elections of County of Niagara, 67 Misc 2d 121).
Here there was no attempt to file the required declination within the contemplated time or shortly thereafter. On the contrary it would appear that an actual acceptance was previously filed within the specified limits and only after an extensive period of time was a determination made by the petitioner to seek to decline the nomination. Based thereon, it would necessarily appear that the particular reasons advanced had no relationship to the petitioner’s failure to comply with the statutory requirement; but rather involved a subsequent unfortunate change of circumstances surrounding the status of his health. Such reasons, although very weighty, are, however, beyond the scope of this court’s authority to grant the relief sought (Matter of Jerge [Geddes & Schmieding], 230 App. Div. 870; Matter of Mahoney v. Power, 28 A D 2d 688; Matter of Quinn v. Power, *381 28 A D 2d 687, affd. 20 N Y 2d 682.) In this regard, it is noted that the instant ease points np the need for legislative action to correct an obvious need for relief in legitimate situations such as this where changes in circumstance occur involving a candidate’s ability to serve. This is particularly so considering the extraordinary length of time in the election process which was brought about by the recent amendments providing for primaries at a date earlier than was ordinarily contemplated within the general statutory provisions.