■ In the Matter of KAREN K. GIBSON, Appellant, v COUNTY OF ST. LAWRENCE et al., Respondents. [606 NYS2d 389] —Cardona, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered July 24, 1992 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying her request for reinstatement to her former position.

In 1989 petitioner commenced working for respondents as a "relief house parent", a noncompetitive class position defined and recognized by the St. Lawrence County Civil Service Commission. Until August 1991, petitioner worked approximately 28 hours a week and earned over $3,500 in 1990 and 1991.

In August 1991 petitioner accepted a regular full-time position (40 hours per week) with respondents as a "house parent", which required petitioner to serve a probationary term. In January 1992, petitioner was informed that she did not successfully complete her probationary term and that she would be terminated in February 1992. Following termination, respondents offered petitioner part-time employment of 15 or 20 hours per week. Petitioner did not accept the offered employment.

A grievance was filed on petitioner's behalf which alleged that her termination violated the terms of the parties' collective bargaining agreement (hereinafter the Agreement) and sought reinstatement to the position of full-time house parent, together with back pay and benefits. Thereafter, petitioner commenced this CPLR article 78 proceeding seeking restoration to her formerly held position as relief house parent

pursuant to Civil Service Law § 63 and rule XIV (3) of the Rules for Classified Civil Service of St. Lawrence County. In their answer, respondents argued that the petition should be dismissed because the proper forum for resolving petitioner's claim was arbitration pursuant to the Agreement's grievance procedure. Finding that petitioner's claim was a dispute covered by the language of the Agreement defining a grievance, Supreme Court dismissed the petition. This appeal ensued.

Where, as here, there is a challenge to the submission of a claim to arbitration in a public employment case, Supreme Court must first determine whether reference of the particular subject matter to arbitration is authorized under the Taylor Law (Civil Service Law art 14). Once that is determined, the court must then consider whether the parties agreed by the terms of their particular arbitration clause to refer the specific subject matter of the claim to arbitration (see, Matter of Acting Supt. of Schools [United Liverpool Faculty Assn.], 42 NY2d 509). "In making [these] determinations the courts are to be guided by the principle that the agreement to arbitrate must be express, direct and unequivocal as to the issues or disputes to be submitted to arbitration; anything less will lead to a denial of arbitration" (supra, at 511).

Here, there is no contention that the Taylor Law prohibits the referral of employee grievances under the parties' Agreement to arbitration. Therefore, we proceed to determine whether the scope of the parties' Agreement to arbitrate grievances specifically includes the particular claim advanced by petitioner in this proceeding.

A grievance under the Agreement is defined as "a dispute * * * raised by an employee * * * with respect to a single incident or type of occurrence covered by this agreement against the employee, involving the employee(s) as to the meaning, interpretation, or application of the express provisions of this agreement". Petitioner's originally filed grievance form alleged that she was terminated from her full-time job as a house parent in violation of "articles I through XXIV of the [collective bargaining] agreement, particularly article XVI". On the other hand, the instant petition, as previously noted, alleges that respondents violated the Civil Service Law by refusing to return petitioner to her formerly held position as relief house parent. The Agreement does not speak to a situation involving an alleged violation of the Civil Service Law. We cannot conclude that this particular claim is clearly and unequivocally a "grievance" under the Agreement and,

therefore, we find that Supreme Court erred in dismissing the petition.

Under the circumstances of this case and based upon the record submitted, we remit this matter to Supreme Court for review on the merits *(see, Califra v Fireman's Fund Ins. Cos.,* 124 AD2d 484, 485). We need not address petitioner's other contentions.

Weiss, P. J., Mikoll, Mercure and Mahoney, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.