[625 NYS2d 705]

In the Matter of the Arbitration between Elmer H. Black-
burne et al., Respondents, and Governor's Office of
Employee Relations et al., Appellants.

Third Department, April 27, 1995

## APPEARANCES OF COUNSEL

*Dennis C. Vacco, Attorney-General,* Albany *(Peter G. Crary* and *Peter H. Schiff* of counsel), for appellants.

*Richard E. Casagrande,* Albany *(William P. Seamon* of counsel), for respondents.

## OPINION OF THE COURT

WHITE, J.

In 1991, petitioner Elmer H. Blackburne, an employee of respondent Office of Alcoholism and Substance Abuse Services (hereinafter OASAS), took a leave of absence from his employment to pursue the Democratic party's nomination for a seat on the City Council of the City of New York even though he had been warned in writing by his employer that he would be in violation of the Hatch Act and his employment would be in jeopardy. Because his candidacy was unsuccessful, Blackburne returned to his position at OASAS. Thereafter, the United States Special Counsel filed a complaint with the Merit Systems Protection Board charging Blackburne with violating the Hatch Act (5 USC ch 15; *see,* 5 USC § 1501 [4]; § 1502 [a] [3]). Following a hearing, the Administrative Law Judge (hereinafter ALJ) issued a recommended decision sustaining the charge and recommending that Blackburne be removed from his position with OASAS. Blackburne filed exceptions with the Protection Board which ultimately adopted the ALJ's recommended decision and ordered OASAS to remove Blackburne or be faced with the loss of Federal funds equal to two years of Blackburne's salary *(see,* 5 USC § 1506 [a]). Whereupon, OASAS notified Blackburne that his employment was terminated as of August 6, 1993.

The Public Employees Federation (hereinafter PEF) filed a grievance on behalf of Blackburne pursuant to the collective bargaining agreement between PEF and respondent Governor's Office of Employee Relations (hereinafter GOER). When GOER refused to process the grievance, petitioners commenced this proceeding to compel arbitration. Supreme Court granted the petition, prompting this appeal by respondents.

To ascertain whether the grievance herein is arbitrable, two determinations must be made; the first is whether arbitration

of the subject matter of the grievance is permissible under the Taylor Law (Civil Service Law art 14) and is allowable as a matter of public policy, while the second is whether, under the terms of the collective bargaining agreement's arbitration clause, the parties expressly, directly and unequivocally agreed to refer the particular grievance to arbitration *(see, Matter of Franklin Cent. School [Franklin Teachers Assn.]*, 51 NY2d 348, 355; *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.]*, 42 NY2d 509, 511, 513; *Matter of Gibson v County of St. Lawrence*, 199 AD2d 910).

Petitioners argue that Blackburne's grievance is subject to arbitration under section 33.1 of the collective bargaining agreement, which states that the disciplinary procedures set forth therein "shall be in lieu of the procedure specified in Section 75 and 76 of the Civil Service Law". These sections of the Civil Service Law provide that a permanent employee, like Blackburne, cannot be removed or be subjected to any disciplinary penalty except for incompetency or misconduct.

Although Blackburne's violation of the Hatch Act did not occur during the performance of his job-related duties, such misconduct could be considered to be within the ambit of article 33 of the collective bargaining agreement since a public employee may be disciplined for off-duty misconduct *(see, Matter of Logan v Village of New Paltz*, 129 AD2d 935; *Matter of Zazycki v City of Albany*, 94 AD2d 925, *lv denied* 60 NY2d 558). However, we need not decide this issue since, in our view, Blackburne's grievance is precluded by the agreement's exclusionary clause set forth in section 34.1 which bars arbitration of matters where "other means of resolution are provided * * * by statute * * * applicable to the State". We find this clause applicable in this matter, particularly since the Hatch Act accords a full evidentiary hearing to an accused violator and further provides for judicial review of Protection Board orders through a proceeding in the United States District Court* *(see,* 5 USC §§ 1504, 1505, 1508). Thus, we conclude that the parties did not expressly, directly and unequivocally agree to submit the subject grievance to arbitration *(see, Matter of South Colonie Cent. School Dist. [South Colonie Teachers Assn.]*, 46 NY2d 521, 525-526; *compare, Board of Educ. v Glaubman*, 53 NY2d 781, 783).

We further conclude that the arbitration of this grievance

---

* We note that Blackburne pursued both remedies.

would offend public policy *(see, Board of Educ. v Areman,* 41 NY2d 527; *Matter of Board of Educ. [Ramapo Teachers' Assn.],* 200 AD2d 62, *lv denied* 84 NY2d 806). The Hatch Act was adopted to insure that the civil service is free of the influence of partisan politics and that those administering funds for national needs abstain from active political partisanship *(see, Oklahoma v Civil Serv. Commn.,* 330 US 127, 143). The only penalties for violating said Act are either removal from office or employment, or the subsequent loss of Federal funds *(see,* 5 USC § 1505 [2]; § 1506). In contrast, under the subject collective bargaining agreement, an arbitrator has a range of disciplinary options he or she can impose that are much less severe than dismissal. Consequently, to permit this matter to proceed to arbitration would significantly lessen the efficacy of the Hatch Act and frustrate its purpose and scope *(see, Fela v United States of Am., Merit Sys. Protection Bd.,* 730 F Supp 779).

For these reasons, we reverse.

CARDONA, P. J., CREW III, CASEY and YESAWICH JR., JJ., concur.

Ordered that the order is reversed, on the law, without costs, and petition dismissed.