■ In the Matter of LOUIS R. CUSUMANO, Respondent, v BOARD OF COMMISSIONERS OF THE FRANKLIN SQUARE & MUNSON FIRE DISTRICT et al., Appellants, and THEODORE L. BRAUN, JR., et al., Respondents. [674 NYS2d 86] —In a hybrid proceeding pursuant to CPLR article 78, *inter alia*, to set aside the result of an election that was held on December 10, 1996, for the office of Member of the Board of Commissioners of the Franklin Square & Munson Fire District, and, *inter alia*, for a declaration that the petitioner was elected to that office, the Board of Commissioners of the Franklin Square & Munson Fire District, and the Board of Inspectors for the December 10, 1996, elec-

tion, appeal from a judgment of the Supreme Court, Nassau County (Dunne, J.), dated March 26, 1997, which granted the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Adjudged that the petitioner was not elected to the office of Member of the Board of Commissioners of the Franklin Square & Munson Fire District at an election held on December 10, 1996.

In the fall of 1996, the petitioner, Louis R. Cusumano, and the respondent Theodore Braun submitted nominating petitions to run for a vacancy on the Board of Commissioners of the Franklin Square & Munson Fire District (hereinafter the Board). However, on the day of the election, December 10, 1996, Braun asked the Board to remove his name from the ballot, as he was a New York City Police Officer, and had learned that New York City Charter § 1129 prohibited New York City police officers who were nominated for elected office from continuing their employment. The Board refused to remove Braun's name from the ballot, and Braun defeated the petitioner in the election. The petitioner then commenced this proceeding seeking, *inter alia*, to set aside the election result on the ground that the Board improperly failed to give effect to Braun's attempt to decline his nomination. The Supreme Court granted the petition, finding that Braun had no intention of accepting the nomination in light of that restriction, and that validating Braun's declination would be consistent with the intent of the Election Reform Act of 1992. We reverse.

A fire district is a political subdivision of the State which is created by authority of the Town Law (*see*, Town Law § 174 [7]). Fire district elections are conducted in accordance with specific provisions of the Town Law, which permit a district resident to run for office by filing a nominating petition subscribed by 25 qualified voters at least 20 days prior to the date of the election (*see*, Town Law § 176 [7]). However, the Town Law contains no provision authorizing fire district commissioners to remove a candidate's name from the ballot once he or she has duly filed a proper nominating petition. It is undisputed that Braun was properly nominated for the position of Member of the Board of Commissioners, and the fact that he subsequently learned that he could not continue his employment as a New York City police officer if he accepted the nomination did not disqualify him from running for office (*see, Matter of Angarano v Van Wart*, 42 AD2d 335, *affd* 33

NY2d 697; *Matter of Amelio v Van Wart,* 41 AD2d 948). Under these circumstances, the refusal by the Board of Commissioners to remove Braun's name from the ballot cannot be considered a failure to perform a duty enjoined upon it by law warranting the relief requested (*see,* CPLR 7803 [1]).

The petitioner's remaining contentions are without merit. O'Brien, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.