(October 15, 2001)

■ In the Matter of JOHN R. PARETE et al., Appellants, v KEVIN V. HUNT et al., Respondents. [731 NYS2d 503] —Per

Curiam. Appeal from a judgment of the Supreme Court (Bradley, J.), entered September 25, 2001 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to invalidate a certificate of substitution naming respondent William Calabrese in place of respondent Kevin V. Hunt as the Republican and Conservative Party candidate for the office of Member of the Ulster County Legislature from Legislative District No. 6 in the November 6, 2001 general election.

On July 12, 2001, respondent Kevin V. Hunt filed a designating petition with respondent Ulster County Board of Elections (hereinafter the Board) naming him as the candidate of both the Republican and Conservative Parties for the office of Member of the Ulster County Legislature from Legislative District No. 6. Hunt, who has held various elective offices over the past 12 years, was an incumbent candidate seeking reelection to this part-time office. In mid-August 2001, he received a letter from the United States Office of the Special Counsel informing him for the first time that because of his status as an employee of the State of New York (he is employed as a Deputy Superintendent at Sullivan Correctional Facility), "his candidacy for Ulster County Legislature, New York, was in violation of the Hatch Act" (*see*, 5 USC § 1501 *et seq.*).

The Hatch Act provides, *inter alia*, that "[a] State or local officer or employee may not * * * be a candidate for elective office" (5 USC § 1502 [a] [3]). A "state employee" is defined in 5 USC § 1501 (4) as an individual whose "principal employment is in connection with an activity which is financed in whole or in part by loans or grants made by the United States or a Federal agency." Because Sullivan Correctional Facility, where Hunt has been employed for the last 13 years, participates in a Federally funded project for the prevention of substance abuse, Hunt was considered to be subject to the Hatch Act's restrictions. He was advised by the Special Counsel's Office that he would be required either to withdraw his candidacy or resign from his State employment and that failure to communicate his decision by August 27, 2001 would subject him to "disciplinary charges."[1]

Unwilling to put an end to his 25-year career with the Department of Correctional Services, Hunt notified both the Special Counsel's Office and the Board on August 27, 2001 that he was withdrawing his candidacy for the office of County

---

1. The penalty for violation of the Hatch Act can be termination of the violator's governmental employment (*see*, *Matter of Blackburne [Governor's Off. of Empl. Relations]*, 211 AD2d 13, 16, *affd* 87 NY2d 660).

Legislator due to the restrictions imposed upon him as a State employee by the Hatch Act. The Board accepted Hunt's withdrawal as a candidate and respondent William Calabrese was designated to replace Hunt on the ballot as the Republican and Conservative Party candidate. Certificates of substitution were filed with and accepted by the Board on September 6, 2001.

Petitioners then commenced this proceeding seeking an order invalidating the certificates of substitution and declaring that Hunt was still the Republican and Conservative Party candidate for the office of Ulster County Legislator from District No. 6. According to petitioners, Hunt's status as a State employee did not actually disqualify him from holding the office of County Legislator, but that his continued candidacy was merely conditioned upon his resignation from State employment. Hence, there was no vacancy on the ballot to be filled. Supreme Court dismissed the proceeding, ruling that Hunt had satisfied the requirements of the Election Law when he declined the designation and that his name on the ballot had been effectively replaced by that of Calabrese. Petitioners appeal.

We hold that Hunt was appropriately found to be disqualified as a candidate for office as a Member of the Ulster County Legislature by operation of the Hatch Act as of August 15, 2001, the date he was notified by the Special Counsel's Office that his candidacy was illegal. The terms of this communication were unequivocal, e.g., "should you again become a candidate for partisan public office while employed in a Hatch Act covered position, we would consider such candidacy to be a willful and knowing violation of the law which could result in removal from your employment." To require Hunt to remain on the ballot as a candidate for elective office under these circumstances would cast this Court in the role of directing a citizen of this State to knowingly violate Federal law. In our view, under the facts of this case, such directive would be a perversion of the Election Law. Moreover, ordering an individual to run for a public office when the attainment thereof would effectively terminate his livelihood would violate public policy.

To the extent that the Second Department has reached a contrary result under similar circumstances (*see, e.g., Matter of Amelio v Van Wart*, 41 AD2d 948; *see also, Matter of Cusumano v Board of Commrs. of Franklin Sq. & Munson Fire Dist.*, 251 AD2d 404), we simply decline to follow such precedent.[2] Moreover, we are unpersuaded by petitioners' contention that the

---

2. The candidate at issue in *Amelio* was a Federal employee, thus obviously prohibited under the Hatch Act from being a candidate for elective

Court of Appeals has spoken on the precise legal issue before us because it affirmed (without opinion) a separate (albeit related) proceeding involving the same candidate at issue in *Amelio* (*see, Matter of Angarano v Van Wart*, 42 AD2d 335, *affd* 33 NY2d 697). While the Second Department in *Angarano* quotes verbatim its prior holding in *Amelio*, this latter decision (which is the only one affirmed by the Court of Appeals) stands for the proposition that a candidate cannot raise a new ground "to get off the ballot" in the context of a second application to decline his or her candidacy. In short, our reading of *Amelio* and *Angarano* in no way convinces us that the Court of Appeals has spoken on the precise Election Law issue now before this Court, thus permitting us to depart from the holdings of the Second Department.

In view of these considerations, we affirm Supreme Court's judgment ruling that Hunt's candidacy was successfully withdrawn and that the certificates of substitution naming Calabrese as the Republican and Conservative Party candidate for the office of Member of the Ulster County Legislature from Legislative District No. 6 were valid (*see*, Election Law § 6-158 [3]).

Mercure, J. P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

office. The candidate at issue in *Cusumano* was a New York City police officer and, under the New York City Charter, police officers are prohibited from being nominated for elected office. Here, Hunt's exposure to penality under the Hatch Act was hardly as obvious, it being undisputed that such exposure resulted from Federal funding of less than 1% of Sullivan Correctional Facility's program budget.