(June 9, 2008)

■ In the Matter of RICHARD LI et al., Petitioners, and NICHOLAS B. CAPOZZI, Appellant, v MICHAEL T. MEEHAN, Respondent, and RONNIE SHATZKAMER, Appellant, et al., Respondents. [862 NYS2d 46]—

In a proceeding pursuant to Election Law § 6-122, inter alia, to disqualify Michael T. Meehan as the Environment Party candidate for the public office of Mayor of the Village of

Manorhaven in a general election to be held on June 17, 2008, Nicholas B. Capozzi appeals, as limited by his brief, from so much of a final order of the Supreme Court, Nassau County (Ross, J.), dated June 2, 2008, as dismissed the petition, and Ronnie Shatzkamer separately appeals, as limited by her brief, from so much of the same final order as, upon her cross claim for a declaration as to whether she should or should not place the name of Michael T. Meehan on the ballot as the Environment Party candidate, failed to make the requested declaration.

Ordered that the final order is modified, on the law, by adding thereto a provision declaring that the name of Michael T. Meehan be placed on the ballot as the Environment Party candidate; as so modified, the final order is affirmed, without costs or disbursements.

The petitioner Nicholas B. Capozzi sought to disqualify Michael T. Meehan as the Environment Party candidate for the public office of Mayor of the Village of Manorhaven based on his alleged violation of the Hatch Act (5 USC § 7323). In her cross claim, Village Clerk Ronnie Shatzkamer sought a declaration as to whether Meehan's name should be placed on the ballot. Meehan is a United States postal employee covered by the Hatch Act. The Hatch Act prohibits federal employees from "run-[ning] for the nomination or as a candidate for election to a partisan political office" (5 USC § 7323 [a] [3]). "[T]he Merit Systems Protection Board [see 5 USC § 7701] has the sole authority to adjudicate whether a Hatch Act violation has occurred" (Sims v Government of the Dist. of Columbia, 6 M.S.P.B. 652, 661 [1981]).

Election Law § 6-122 provides in relevant part that "[a] person shall not be designated or nominated for a public office or party position who (1) is not a citizen of the state of New York; (2) is ineligible to be elected to such office or position; or (3) who, if elected will not at the time of commencement of the term of such office or position, meet the constitutional or statutory qualifications thereof." Here, the appellants presented no basis to disqualify Meehan under Election Law § 6-122. Even if Meehan were considered to be running for a partisan political office and found to be in violation of the Hatch Act, which we do not decide here, the fact that he is employed by the United States Government does not disqualify him from running for public office. The Hatch Act does not disqualify any individual from running for public office, but rather provides for the removal or suspension from public employment of any federal employee who runs for the nomination or as a candidate for election to a partisan political office (see Merle v United States, 351

F3d 92, 96 [2003]; *see e.g. Matter of Amelio v Van Wart,* 41 AD2d 948, 949 [1973]; *cf. Matter of Parete v Hunt,* 287 AD2d 777, 779-780 [2001]).

Since the cross claim requested a declaration, the final order should have included a declaration that the name of Michael T. Meehan be placed on the ballot as the Environment Party candidate (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Mastro, J.P., Florio, Dickerson and Belen, JJ., concur.